JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

CHEMICAL FABRICS COMPANY, ALIAS: N/K/A SAINT-GOBAIN PERFORMANCE PLASTICS CORP.

**DEFENDANTS**

Employers Insurance of Wausau, A Mutual Company N/K/A Employers Insurance Company of Wausau

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

JOANN M. LYTLE, MCCARTER & ENGLISH LLP 1600 MARKET STREET, SUITE 3900, PHILADELPHIA, PA 19103. 215-979-3800

Attorneys *(If Known)*

JOHN C. SULLIVAN, POST & SCHELL, P.C., FOUR PENN CENTER - 13TH FLOOR, 1600 JOHN F. KENNEDY BOULEVARD. PHILADELPHIA. PA 19103. 215-587-1000

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 2201

Brief description of cause:
Insurance coverage dispute

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE

Dec 13, 2022

SIGNATURE OF ATTORNEY OF RECORD

s/ Joann M. Lytle

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**    **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**    **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
   United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
   United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
   Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
   Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**    **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**    **Origin.**  Place an "X" in one of the seven boxes.
   Original Proceedings.  (1) Cases which originate in the United States district courts.
   Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
   Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
   Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
   Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
   Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
   Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
   **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**    **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**    **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
   Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
   Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 20 MOORES ROAD, MALVERN, PA 19355 _____

Address of Defendant: _____ 175 Berkeley Street, Boston, Massachusetts 02116 _____

Place of Accident, Incident or Transaction: _____ Vermont and New Hampshire _____

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes [ ]  No [✔]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes [ ]  No [✔]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes [ ]  No [✔]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes [ ]  No [✔]

I certify that, to my knowledge, the within case [ ] is / [•] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/13/2022     **s/ Joann M. Lytle**     59281
*Must sign here*
*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.**  *Federal Question Cases:*

- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [ ] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases
  *(Please specify): _____*

**B.**  *Diversity Jurisdiction Cases:*

- [✔] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify): _____*
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
  *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Joann M. Lytle _____, counsel of record *or* pro se plaintiff, do hereby certify:

- [✔] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- [ ] Relief other than monetary damages is sought.

DATE: 12/13/2022     **s/ Joann M. Lytle**     59281
*Sign here if applicable*
*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **CHEMICAL FABRICS COMPANY N/K/A SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION** | : : : : : | Civil Action No: 2:22-cv-04146-WB |
| *Plaintiff,* | : : | |
| v. | : : : | |
| **EMPLOYERS INSURANCE OF WAUSAU, A MUTUAL COMPANY N/K/A EMPLOYERS INSURANCE COMPANY OF WAUSAU,** | : : : : : | |
| *Defendant.* | : : | |

## PLAINTIFF CHEMICAL FABRICS COMPANY N/K/A SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION'S FIRST AMENDED COMPLAINT

Plaintiff Chemical Fabrics Company n/k/a Saint-Gobain Performance Plastics Corporation ("Saint-Gobain") makes the following allegations in support of its First Amended Complaint against defendant Employers Insurance of Wausau, A Mutual Company n/k/a Employers Insurance Company of Wausau ("Wausau"):

### *Nature of the Action*

1.     Saint-Gobain seeks: (1) compensatory and consequential damages arising from Wausau's breach of its insurance policy and its agreement to provide funding for certain costs Saint-Gobain incurred in connection with alleged environmental contamination purportedly resulting from operations in Vermont and New Hampshire ("Underlying Matters"); (2) a declaratory judgment, pursuant to 28 U.S.C. § 2201, that Wausau must provide coverage for

Saint-Gobain's prior and ongoing defense and indemnity costs for the Underlying Matters; and

(3) compensatory, consequential and punitive damages arising from Wausau's bad faith conduct.

<u>*The Parties*</u>

2.      Plaintiff Saint-Gobain is a corporation organized under the laws of California

with its principal place of business located in Ohio.

3.      Defendant Wausau is a corporation organized under the laws of Wisconsin with

its principal place of business in Massachusetts.

<u>*Jurisdiction and Venue*</u>

4.      This Court has exercised jurisdiction over this matter pursuant to Wausau's

removal under 28 U.S.C. § 1441 on October 14, 2022.

<u>*Insurance Policy*</u>

5.      In consideration of the premium paid, Wausau issued to Saint-Gobain

Commercial General Liability Policy No. 152700070095, for the policy period from December

1, 1986 through December 1, 1987 (the "Policy"), a copy of which is attached hereto as Exhibit

A.

6.      The Policy requires Wausau to defend and indemnify Saint-Gobain in the

Underlying Matters, and Wausau has breached that duty.

<u>*Nature of the Underlying Matters*</u>

7.      A class action captioned *James Sullivan and Leslie Addison, Sharyn Jones, and*

*Bishop Robin Hood Greene, individually, and on behalf of a Class of persons similarly situated*

*v. Saint-Gobain Performance Plastics Corporation*, Civil Action No. 5:16-CV-125, United

States District Court, District of Vermont was filed against Saint-Gobain alleging damages

- 2 -

resulting from the presence of perfluorooctanoic acid ("PFOA") in groundwater in Vermont ("Sullivan Action").

8.    The plaintiffs allege that a Saint-Gobain processing facility in Bennington, Vermont emitted PFOA, which allegedly spread to drinking water supplied to the class members.

9.    The class action plaintiffs seek compensatory damages for alleged damage to property, diminution in property value, and costs of medical monitoring.

10.    Individual and putative class actions were also filed against Saint-Gobain with regard to the presence of PFOA in groundwater in New Hampshire, in the actions captioned:

a.    *Kevin Brown, et al. v. Saint-Gobain Performance Plastics Corporation, et. al.*, Civil Action No. 16-cv-242, United States District Court, District of New Hampshire;

b.    *Jean Dowling, et al. v. Saint-Gobain Performance Plastics Corporation*, Civil Action No. 16-cv-528, consolidated into Civil Action No. 16-cv-242, United States District Court, District of New Hampshire and an individual action in state court;

c.    *Darlene E. DeBlois v. Saint-Gobain Performance Plastics Corporation*, Civil Action No. 16-cv-467, United States District Court, District of New Hampshire, now closed;

d.    *Brian Mendez, et al. v. Saint-Gobain Performance Plastics Corporation, et al.*, Civil Action No. 16-cv-528, originally filed in the United States District Court for the District of New Hampshire and now pending in the Superior Court of the State of New Hampshire, No. 226-2018-CV-71, and *Dianne Hunter, et al. v. Saint-*

- 3 -

*Gobain Performance Plastics Corporation, et al.*, No. 216-2018-CV-120, which lawsuits were consolidated for pretrial proceedings; and

e.   *Eric Abis, et al. v. Saint-Gobain Performance Plastics Corporation, et al.*, No. 226-2022-CV-00416, now pending in the Superior Court of the State of New Hampshire.

11.    The plaintiffs allege that a Saint-Gobain processing facility in New Hampshire emitted PFOA, which allegedly spread to drinking water supplied to the plaintiffs and class members.

12.    The plaintiffs seek recovery of damages for alleged damage to property, diminution in property value, and costs of medical monitoring.

<u>*Saint-Gobain's Request for Coverage*</u>

13.    On June 21, 2016, Saint-Gobain notified Wausau of the Underlying Matters and requested coverage under the Policy.

14.    By two letters dated July 20, 2016 and letter dated December 6, 2016, Wausau agreed to reimburse Saint-Gobain for its allocated share of its defense costs incurred in the Underlying Matters, copies of which are attached as Exhibits B, C and D.

15.    To date, Wausau has failed to confirm its obligation to indemnify Saint-Gobain for any judgment or settlement in the Underlying Matters.

16.    On April 27, 2018, Saint-Gobain provided Wausau with an invoice in the amount of $107,957.30 for Wausau's share of costs incurred in defending the Underlying Matters.

17.    On May 6, 2020, Saint-Gobain provided Wausau with a second invoice in the amount of $71,883 for Wausau's share of costs incurred in defending the Underlying Matters.

- 4 -

18.    On December 24, 2020, Saint-Gobain provided Wausau with a third invoice in the amount of $31,442 for Wausau's share of costs incurred in defending the Underlying Matters.

19.    On May 12, 2021, Saint-Gobain provided Wausau with a fourth invoice in the amount of $72,639 for Wausau's share of costs incurred in defending the Underlying Matters.

20.    On July 14, 2021, Saint-Gobain provided Wausau with a fifth invoice in the amount of $23,617 for Wausau's share of costs incurred in defending the Underlying Matters.

21.    On August 30, 2021, Saint-Gobain provided Wausau with a sixth invoice in the amount of $49,844 for Wausau's share of costs incurred in defending the Underlying Matters.

22.    On December 8, 2021, Saint-Gobain provided Wausau with a seventh invoice in the amount of $15,416 for Wausau's share of costs incurred in defending the Underlying Matters.

23.    On May 16, 2022, Saint-Gobain provided Wausau with a eighth invoice in the amount of $76,038 for Wausau's share of costs incurred in defending the Underlying Matters.

24.    On September 2, 2022, Saint-Gobain provided Wausau with a ninth invoice in the amount of $8,595 for Wausau's share of costs incurred in defending the Underlying Matters.

25.    On September 2, 2022, Saint-Gobain provided Wausau with a tenth invoice in the amount of $13,013 for Wausau's share of costs incurred in defending the Underlying Matters.

26.    On or about November 1, 2022, Saint-Gobain provided Wausau with additional invoices totaling $743,595.00 for Wausau's share of costs incurred in defending the Underlying Matters.

27.    On April 21, 2020, Saint-Gobain followed up with Wausau regarding its failure to pay the nearly two-year-old April 2018 invoice.

28.    Thereafter, Saint-Gobain repeatedly followed up with Wausau to request payment of the outstanding invoices.

29.    Despite Saint-Gobain's numerous communication attempts and payment requests, Wausau failed to respond to Saint-Gobain.

30.    While each of the invoices states that payment is due within thirty days, Wausau failed to make timely payment of the invoices identified in Paragraphs 16 through 26.

31.    Wausau made no payment of the invoices identified in Paragraph 16 through 25 until November 8, 2022, after Saint-Gobain was compelled to file litigation.

32.    While more than 30 days have passed since Saint-Gobain requested payment of the amounts set forth in Paragraph 26 above, Wausau has failed to make payment to Saint-Gobain.

33.    Further, although more than six (6) years have passed since Wausau advised that it would evaluate its obligation to indemnify Saint-Gobain in connection with the Underlying Matters, Wausau has failed to issue a coverage position.  Throughout this entire period, Saint-Gobain has kept Wausau advised of developments in the Underlying Matters, so there is no basis for the insurer's failure to issue a coverage position.

34.    To date, Wausau owes Saint-Gobain over $743,595.00 in defense costs, and that amount will increase as Saint-Gobain continues to incur defense costs covered under the Policy.

**COUNT ONE**

**DECLARATORY JUDGMENT – DUTY TO PAY DEFENSE COSTS**

35.    The allegations of the preceding paragraphs are incorporated herein by reference, as though fully set forth.

- 6 -

36.     The Policy imposes on Wausau the duty to defend any suit against Saint-Gobain from underlying claims seeking damages on account of bodily injury or property damage potentially covered by the Policy, even if such claims prove groundless, false or fraudulent.

37.     The Underlying Matters allege bodily injury and/or property damage for which the Policy affords coverage, thus triggering Wausau's duty to defend Saint-Gobain.

38.     Wausau has not only failed to defend Saint-Gobain, but has also failed to timely pay Wausau's allocated share of Saint-Gobain's defense costs arising from the Underlying Matters.

39.     By reason of the foregoing, an actual and justiciable controversy exists between Wausau and Saint-Gobain regarding Wausau's obligations, under the Policy, to pay Saint-Gobain's defense costs in connection with the Underlying Matters.

40.     The rights, status, and other legal obligations of Wausau and Saint-Gobain remain uncertain and insecure, and the entry of a declaratory judgment by this Court will terminate the uncertainty and controversy giving rise to this proceeding.

WHEREFORE, Saint-Gobain respectfully requests that this Court issue a declaration that:

(a)     Wausau has a duty to defend Saint-Gobain in connection with the Underlying Matters;

(b)     Wausau has a duty to reimburse Saint-Gobain for defense costs incurred in connection with the Underlying Matters;

(c)     Wausau has a duty to reimburse Saint-Gobain for fees, expenses and costs it has incurred and will incur in asserting its claims for coverage; and

(d)     Saint-Gobain is entitled to such other relief as the Court deems appropriate, including interest, costs, and attorneys' fees.

- 7 -

ME1 43502810v.6

## COUNT TWO

### DECLARATORY JUDGMENT – DUTY TO INDEMNIFY SAINT-GOBAIN

41.    The allegations of the preceding paragraphs are incorporated herein by reference, as though fully set forth.

42.    The Underlying Matters seek damages because of Bodily Injury and/or Property Damage covered by the Policy.

43.    Wausau refuses to acknowledge its obligation to pay its allocated share of all sums Saint-Gobain becomes legally obligated to pay as damages, from judgment or settlement, arising in connection with the Underlying Matters.

44.    By reason of the foregoing, an actual and justiciable controversy exists between Wausau and Saint-Gobain regarding Wausau's obligations to indemnify Saint-Gobain for any judgment or settlement in connection with the Underlying Matters.

45.    The rights, status and other legal obligations of Wausau and Saint-Gobain remain uncertain and insecure, and the entry of declaratory judgment by this Court will terminate the uncertainty and controversy giving rise to this proceeding.

WHEREFORE, Saint-Gobain respectfully requests that this Court issue a declaration that:

(a)    Wausau has a duty to indemnify Saint-Gobain for any judgment or settlement in the Underlying Matters;

(b)    Wausau has a duty to reimburse Saint-Gobain for fees, expenses and costs it has incurred and will incur in asserting its claims for coverage; and

(c)    Saint-Gobain is entitled to such other relief as the Court deems appropriate, including interest, costs, and attorneys' fees.

ME1 43502810v.6

## COUNT THREE

### FOR DAMAGES RESULTING FROM
### WAUSAU'S BREACH OF CONTRACT

46.     The allegations of the preceding paragraphs are incorporated herein by reference, as though fully set forth.

47.     Wausau is obligated to, and acknowledged its obligation to, defend Saint-Gobain in the Underlying Matters.

48.     Saint-Gobain has fully performed its obligations and satisfied all conditions required by the Policy.

49.     Wausau has breached and continues to breach its obligations by failing to defend Saint-Gobain, failing to pay certain defense costs incurred in connection with the Underlying Matters, and refusing to commit to paying any judgments or settlements in the Underlying Matters.

50.     Wausau has improperly attempted to minimize and delay payment of its obligations, at Saint-Gobain's expense.

51.     Wausau has failed to pay Saint-Gobain even those amounts which Wausau admits it owes.

52.     As a result of these breaches of contract, Wausau has deprived and continues to deprive Saint-Gobain of the benefit of the insurance protection for which premiums have been paid.

53.     As a result of Wausau's breach of contract, Saint-Gobain has been forced to resort to self-help measures in the nature of:

(a)     Paying attorneys to defend the Underlying Matters;

(b)     Paying amounts as judgment or settlement in the Underlying Matters; and

ME1 43502810v.6

(c)     Retaining and paying attorneys to pursue coverage under the Policy.

WHEREFORE, Saint-Gobain respectfully requests that this Court:

(a)     Award defense expenses and associated costs, interest, and all other reasonable and necessary costs of defending against the Underlying Matters;

(b)     Award amounts Saint-Gobain is legally liable to pay as a result of any settlement, judgment or other award in the Underlying Matters;

(c)     Award attorneys' fees and costs incurred in connection with the instant action;

(d)     Award consequential damages; and

(e)     Award such other relief as the Court deems appropriate; including interest.

**COUNT FOUR**

**FOR DAMAGES RESULTING FROM
WAUSAU'S BAD FAITH CONDUCT**

54.     The allegations of the preceding paragraphs are incorporated herein by reference, as though fully set forth.

55.     Under Vermont law, Wausau has a fiduciary duty to Saint-Gobain to investigate and pay Saint-Gobain's claims.

56.     Under New Hampshire law, Wausau has a duty to act reasonably in investigating and paying Saint-Gobain's claims.

57.     Wausau's breach of its duty to defend Saint-Gobain, Wausau's failure to pay and/or delay in paying its allocated share of defense costs, and Wausau's failure to issue a coverage position regarding indemnity for the Underlying Matters constitute bad faith.

58.     Moreover, Wausau committed bad faith by, among other things, and as recently September 2022: (a) failing to defend Saint-Gobain in the Underlying Matters; (b) failing to pay

- 10 -

Saint-Gobain's reasonable defense expenses; (c) failing to respond to Saint-Gobain's repeated communications and payment requests; and (d) requiring Saint-Gobain to initiate the present lawsuit in order to recover payment for its covered defense costs.

59.    In evaluating its obligations under the Policy, Wausau has been less than honest, intelligent, and fair.

60.    In evaluating its obligations under the Policy, Wausau has failed to accord the interests of Saint-Gobain the same faithful consideration it has given its own interests and has, instead, ignored the interests of Saint-Gobain.

61.    In evaluating its obligations under the Policy, Wausau has failed to use the same degree of care and diligence as a person of ordinary care and prudence would exercise in the management of his own business.

62.    Wausau acted with ill will and/or an improper motivation.

63.    Accordingly, under the laws of both Vermont and New Hampshire, Wausau has acted in bad faith.

64.    Saint-Gobain has been harmed as a result of Wausau's bad faith conduct.

WHEREFORE, Saint-Gobain respectfully requests that this Court:

(a) Award actual damages resulting from Wausau's bad faith conduct;

(b) Award compensatory damages resulting from Wausau's bad faith conduct;

(c) Award consequential damages resulting from Wausau's bad faith conduct;

(d) Award attorneys' fees and costs incurred in connection with the instant action; and

(e) Award such other relief as the Court deems appropriate, including interest.

- 11 -

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**MCCARTER & ENGLISH, LLP**

By: */s/ Joann M. Lytle*
Joann M. Lytle, Esq.
Ashley L. Turner, Esq.
1600 Market Street, Suite 3900
Philadelphia, PA  19103
215-979-3800

Dated:  December 13, 2022

*Attorneys for Plaintiff Chemical Fabrics
Company n/k/a Saint-Gobain
Performance Plastics Corporation*

ME1 43502810v.6

EXHIBIT A

# Wausau Insurance Companies

JAN 3 0 1987

## COMBINATION CASUALTY POLICY

PLEASE READ YOUR POLICY



THIS POLICY IS NONASSESSABLE

**MUTUALS-MEMBERSHIP AND VOTING NOTICE:** The insured is notified that by virtue of this policy, he is a member of the EMPLOYERS INSURANCE OF WAUSAU A Mutual Company, and is entitled to vote either in person or by proxy at any and all meetings of said company. The annual Meetings are held at its home office at Wausau, Wisconsin, on the fourth Friday of May, in each year, at 9:00 A.M.

# Employers Insurance of Wausau A Mutual Company

### HOME OFFICE: WAUSAU, WISCONSIN
(Herein called the company)

In consideration of the payment of the premium, in reliance upon the statements in the declarations made a part hereof and subject to all of the terms of this policy, agrees with the named insured as follows:

## COVERAGES

The insurance afforded by this policy is only with respect to such Coverages as are indicated by specific premium charge or charges in the appropriate Coverage Schedule or Schedules of the Coverage Part or Parts attached to and hereby made a part of this policy.

## SUPPLEMENTARY PAYMENTS

The company will pay, in addition to the applicable limit of liability:

(a) all expenses incurred by the company, all costs taxed against the **insured** in any suit defended by the company and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in

court that part of the judgment which does not exceed the limit of the company's liability thereon;

(b) premiums on appeal bonds required in any such suit, premiums on bonds to release attachments in any such suit for an amount not in excess of the applicable limit of liability of this policy, and the cost of bail bonds required of the **insured** because of accident or traffic law violation

 **W͟sau Insurance Companies**

COMBINATION CASUALTY POLICY DECLARATIONS

ISSUED BY:        EMPLOYERS INSURANCE OF WAUSAU, A MUTUAL COMPANY
                  ATTACHED TO FORM 60-1.1

POLICY NUMBER:
1527 00 070095

ITEM 1. NAMED INSURED & ADDRESS
==================================
CHEMICAL FABRICS CORPORATION          INSURED IS: CORPORATION
(SEE ENDORSEMENT #1)
P.O. BOX 1137
MERRIMACK              NH 03054       PREMIUM SHALL BE ADJUSTED: ANNUALLY

ITEM 2. POLICY PERIOD:
======================
12 01 86 TO 12 01 87                  12:01 A.M. STANDARD TIME AT ADDRESS
                                      OF THE NAMED INSURED AS STATED HEREIN.

ITEM 3.
=======
THE INSURANCE AFFORDED IS ONLY WITH RESPECT TO SUCH COVERAGES AS ARE
INDICATED BY SPECIFIC PREMIUM CHARGE OR CHARGES IN THE APPROPRIATE
COVERAGE SCHEDULE OR SCHEDULES OF THE COVERAGE PART OR PARTS ATTACHED
TO THIS POLICY. THE LIMIT OF THE COMPANY'S LIABILITY AGAINST EACH SUCH
COVERAGE SHALL BE AS STATED IN THE APPROPRIATE COVERAGE SCHEDULE OR
SCHEDULES FOR THE COVERAGE PART OR PARTS ATTACHED TO THIS POLICY.

| SUMMARY OF INSURANCE AND PREMIUM CHARGES | PREMIUM CHARGES |
|---|---|
| COMPREHENSIVE GENERAL LIABILITY INSURANCE | $ 5,272 |
| ENDORSEMENTS SYMBOL  G542CL;134CL;165CL PREMIUM  G222;G5505 | 1,062 |
| AMOUNT DUE | $ 6,334 |

COVERAGE PARTS 560-4-1.1

COUNTERSIGNED BY: _____
                  AUTHORIZED COMPANY REPRESENTATIVE

# Wausau Insurance Companies

### COMPREHENSIVE GENERAL LIABILITY INSURANCE COVERAGE PART

Named Insured  CHEMICAL FABRICS CORPORATION

Policy Number  1527 00 070095

## COVERAGE SCHEDULE

1. The insurance afforded is only with respect to such of the following Coverages as are indicated by specific premium charge or charges. The limit of the company's liability against each such Coverage shall be as stated herein, subject to all the terms of this policy having reference thereto.

| COVERAGES | LIMITS OF LIABILITY | | ADVANCE PREMIUM |
|---|---|---|---|
| | Each Occurrence | Aggregate | |
| A—Bodily Injury Liability | $ | SEE G634 | $ SEE |
| B—Property Damage Liability | $ | SEE G634 | $ |
| Total Advance Premium | | | $ DECLARATIONS |

2. The declarations are completed on the accompanying schedule(s) designated "General Liability Hazards".

3. The locations of all premises owned by, rented to or controlled by the named insured and the part occupied by named insured are shown on the accompanying schedule(s).

4. Interest of named insured in such premises: Owner ☒; Tenant ☐; General Lessee ☐ .

5. The accompanying schedule(s) disclose all hazards insured hereunder known to exist at the effective date of this policy, unless otherwise stated herein.

## COVERAGES

### I. COVERAGE A—BODILY INJURY LIABILITY

### COVERAGE B—PROPERTY DAMAGE LIABILITY

The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

Coverage A. bodily injury or

Coverage B. property damage

to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

#### Exclusions

This insurance does not apply:

(a) to liability assumed by the insured under any contract or agreement except an incidental contract; but this exclusion does not apply to a warranty of fitness or quality of the named insured's products or a warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner;

(b) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of
  (1) any automobile or aircraft owned or operated by or rented or loaned to any insured, or
  (2) any other automobile or aircraft operated by any person in the course of his employment by any insured;
  but this exclusion does not apply to the parking of an automobile on premises owned by, rented to or controlled by the named insured or the ways immediately adjoining, if such automobile is not owned by or rented or loaned to any insured;

(c) to bodily injury or property damage arising out of
  (1) the ownership, maintenance, operation, use, loading or unloading of any mobile equipment while being used in any prearranged or organized racing, speed or demolition contest or in any stunting activity or in practice or preparation for any such contest or activity or
  (2) the operation or use of any snowmobile or trailer designed for use therewith;
    (i) owned or operated by or rented or loaned to any insured, or
    (ii) operated by any person in the course of his employment by any insured;

(d) to bodily injury or property damage arising out of and in the course of the transportation of mobile equipment by an automobile owned or operated by or rented or loaned to any insured;

(e) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of
  (1) any watercraft owned or operated by or rented or loaned to any insured, or
  (2) any other watercraft operated by any person in the course of his employment by any insured;
  but this exclusion does not apply to watercraft while ashore on premises owned by, rented to or controlled by the named insured;

(f) to bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental;

(g) to bodily injury or property damage due to war, whether or not declared, civil war, insurrection, rebellion or revolution or to any act or condition incident to any of the foregoing, with respect to
  (1) liability assumed by the insured under an incidental contract, or
  (2) expenses for first aid under the Supplementary Payments provision;

(h) to bodily injury or property damage for which the insured or his indemnitee may be held liable
  (1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, or
  (2) if not so engaged, as an owner or lessor of premises used for such purposes,
  if such liability is imposed
  (i) by, or because of the violation of, any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or
  (ii) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person;
  but part (ii) of this exclusion does not apply with respect to liability of the insured or his indemnitee as an owner or lessor described in (2) above;

(i) to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

(j) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured or to any obligation of the insured to indemnify another because of damages arising out of such injury; but this exclusion does not apply to liability assumed by the insured under an incidental contract;

(k) to property damage to
  (1) property owned or occupied by or rented to the insured,
  (2) property used by the insured, or

COMPREHENSIVE GENERAL LIABILITY INSURANCE COVERAGE PART (Continued)

(3) property in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control; but parts (2) and (3) of this exclusion do not apply with respect to liability under a written sidetrack agreement and part (3) of this exclusion does not apply with respect to property damage (other than to elevators) arising out of the use of an elevator at premises owned by, rented to or controlled by the named insured;

(l) to property damage to premises alienated by the named insured arising out of such premises or any part thereof;

(m) to loss of use of tangible property which has not been physically injured or destroyed resulting from
(1) the delay in or lack of performance by or on behalf of the named insured of any contract or agreement, or
(2) the failure of the named insured's products or work performed by or on behalf of the named insured to meet the level of performance, quality, fitness or durability warranted or represented by the named insured;
but this exclusion does not apply to loss of use of other tangible property resulting from the sudden and accidental physical injury to or destruction of the named insured's products or work performed by or on behalf of the named insured after such products or work have been put to use by any person or organization other than an insured;

(n) to property damage to the named insured's products arising out of such products or any part of such products;

(o) to property damage to work performed by or on behalf of the named insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;

(p) to damages claimed for the withdrawal, inspection, repair, replacement, or loss of use of the named insured's products or work completed by or for the named insured or of any property of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein;

(q) to property damage included within:
(1) the explosion hazard in connection with operations identified in this policy by a classification code number which includes the symbol "x",
(2) the collapse hazard in connection with operations identified in this policy by a classification code number which includes the symbol "c",
(3) the underground property damage hazard in connection with operations identified in this policy by a classification code number which includes the symbol "u".

## II. PERSONS INSURED

Each of the following is an insured under this insurance to the extent set forth below:
(a) if the named insured is designated in the declarations as an individual, the person so designated but only with respect to the conduct of a business of which he is the sole proprietor, and the spouse of the named insured with respect to the conduct of such a business;
(b) if the named insured is designated in the declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;
(c) if the named insured is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such;
(d) any person (other than an employee of the named insured) or organization while acting as real estate manager for the named insured; and
(e) with respect to the operation, for the purpose of locomotion upon a public highway, of mobile equipment registered under any motor vehicle registration law,
(i) an employee of the named insured while operating any such equipment in the course of his employment, and
(ii) any other person while operating with the permission of the named insured any such equipment registered in the name of the named insured and any person or organization legally responsible for such operation, but only if there is no other valid and collectible insurance available, either on a primary or excess basis, to such person or organization;
provided that no person or organization shall be an insured under this paragraph (e) with respect to:
(1) bodily injury to any fellow employee of such person injured in the course of his employment, or
(2) property damage to property owned by, rented to, in charge of or occupied by the named insured or the employer of any person described in subparagraph (ii).

This insurance does not apply to bodily injury or property damage arising out of the conduct of any partnership or joint venture of which the insured is a partner or member and which is not designated in this policy as a named insured.

## III. LIMITS OF LIABILITY

Regardless of the number of (1) insureds under this policy, (2) persons or organizations who sustain bodily injury or property damage, or (3) claims made or suits brought on account of bodily injury or property damage, the company's liability is limited as follows:

Coverage A—The total liability of the company for all damages, including damages for care and loss of services, because of bodily injury sustained by one or more persons as the result of any one occurrence shall not exceed the limit of bodily injury liability stated in the schedule as applicable to "each occurrence."

Subject to the above provision respecting "each occurrence", the total liability of the company for all damages because of (1) all bodily injury included within the completed operations hazard and (2) all bodily injury included within the products hazard shall not exceed the limit of bodily injury liability stated in the schedule as "aggregate".

Coverage B—The total liability of the company for all damages because of all property damage sustained by one or more persons or organizations as the result of any one occurrence shall not exceed the limit of property damage liability stated in the schedule as applicable to "each occurrence".

Subject to the above provision respecting "each occurrence", the total liability of the company for all damages because of all property damage to which this coverage applies and described in any of the numbered subparagraphs below shall not exceed the limit of property damage liability stated in the schedule as "aggregate":
(1) all property damage arising out of premises or operations rated on a remuneration basis or contractor's equipment rated on a receipts basis, including property damage for which liability is assumed under any incidental contract relating to such premises or operations, but excluding property damage included in subparagraph (2) below;
(2) all property damage arising out of and occurring in the course of operations performed for the named insured by independent contractors and general supervision thereof by the named insured, including any such property damage for which liability is assumed under any incidental contract relating to such operations, but this subparagraph (2) does not include property damage arising out of maintenance or repairs at premises owned by or rented to the named insured or structural alterations at such premises which do not involve changing the size of or moving buildings or other structures;
(3) all property damage included within the products hazard and all property damage included within the completed operations hazard.

Such aggregate limit shall apply separately to the property damage described in subparagraphs (1), (2) and (3) above, and under subparagraphs (1) and (2), separately with respect to each project away from premises owned by or rented to the named insured.

 **W sau Insurance Companies**

GENERAL LIABILITY HAZARDS

CHEMICAL FABRICS CORPORATION                    SCHEDULE    1
POLICY NBR:  1527-00-070095

PREMIUM/EXPOSURE BASIS

A = AREA                          A = EACH
C = TOTAL COST PER PROJECT        B = ENTIRE
F = FRONTAGE                      C = PER 100
M = ADMISSIONS                    D = PER 1,000
P = PAYROLL                       E = PER 10,000
R = RECEIPTS                      F = PER MILLION
T = OTHER                         G = EXPOSURE NOT REQUIRED

SCHEDULE

| COVERAGE | PREMIUM BASES | RATES BI | P.D | PREMIUM BI | P.D |
|---|---|---|---|---|---|
| PREMISES-OPERATIONS | | | | | |

---NEW HAMPSHIRE---

LOC    1 SUB LOC    1
701 DANIEL WEBSTER HWY.
MERRIMACK

| 22112    (313) (T-999) (0001) TEXTILE SPINNING, WEAVING OR KNITTING MILLS | PC 680,000 | .144 | .074 | 979 | 503 |

---VERMONT---

LOC    2 SUB LOC    1
631 WATER ST.
NORTH BENNINGTON

| 22901    (313) (T-999) (0002) TEXTILE COATING OR IMPREGNATING | PC 1,041,000 | .100 | .066 | 1,041 | 687 |

 **W⦵sau Insurance Companies**⦵

GENERAL LIABILITY HAZARDS

CHEMICAL FABRICS CORPORATION                    SCHEDULE    2
POLICY NBR:  1527-00-070095

| COVERAGE | PREMIUM BASES | RATES BI | PD | PREMIUM BI | PD |
|---|---|---|---|---|---|
| ---ILLINOIS--- | | | | | |
| LOC    3 SUB LOC    1 509 E. STATE PARKWAY SCHAUMBURG | | | | | |
| 30792   X   (313) (T-_ _) (0003) PLASTIC MATERIALS AN_ NON-VULCANIZABLE ELAS- TOMERS MFG. | PC 105,000 | .802 | .285 | 842 | 293 |
| ---FLORIDA--- | | | | | |
| LOC    4 SUB LOC    1 5490 DEXTER WAY WEST PALM BEACH | | | | | |
| 30792   X   (313) (T-001) (0004) PLASTIC MATERIALS AND NON-VULCANIZABLE ELAS- TOMERS MFG. | PC 85,000 | .770 | .313 | 655 | 266 |

MINIMUM PREMIUM
BI  $   80 PD  $   57

INDEPENDENT CONTRACTORS
=======================

---NEW HAMPSHIRE---

| 16292        (315) (T-999) CONSTRUCTION OPERATIONS- OWNER (NOT RAILROADS)- EXCLUDING OPERATIONS ON BOARD SHIPS | CC | | | | |
|---|---|---|---|---|---|
| FIRST   500,000    (0005) | IF ANY | .032 | .031 | | |
| NEXT    500,000    (0006) | IF ANY | .017 | .017 | | |
| OVER 1,000,000    (0007) | IF ANY | .004 | .006 | | |

MINIMUM PREMIUM
BI  $   28 PD  $   57

 **Wausau Insurance Companies**

GENERAL LIABILITY HAZARDS

CHEMICAL FABRICS CORPORATION                    SCHEDULE    3
POLICY NBR:   1527-00-070095

| COVERAGE | PREMIUM BASES | RATES BI | PD | PREMIUM BI | PD |
|----------|---------------|----------|----|-----------:|---:|

BROAD FORM CGL
==============

99990      (325)        (0008)                                      527        263

EMPLOYEE BENEFITS
LIABILITY INSURANCE
=========================

  ---NEW HAMPSHIRE---

LOC     1 SUB LOC    1
 701 DANIEL WEBSTER HWY.
 MERRIMACK

17850       (317) (T-999) (0009)
                                                                   272


 TOTAL ESTIMATED ANNUAL PREMIUMS                           4,316     2,018



# Wausau Insurance Companies

## ADDITIONAL NAMED INSUREDS ENDORSEMENT

Amount Due
$                                               4/0"

Invoice Number      Invoice Date

Assn.    End No.    T    Producer

**Policy Number**
1527 00 070095
Named Insured and Address
CHEMICAL FABRICS CORPORATION

Audit Period
and will terminate with the policy.
12 01 A.M., standard time at the address of the named insured as stated

This Endorsement is effective    12 01 86
Policy Period:                              to

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

### COMPREHENSIVE GENERAL LIABILITY INSURANCE

It is agreed that the definition of "Named Insured" is amended to include as a named insured the person or organization described below as an additional named insured, subject to the following provisions:

1. The named insured named in Item 1 of the declarations is authorized to act for such additional named insured(s) in all pertaining to this insurance, including receipt of notice of cancelation; and
2. Return premium, if any, and such dividends as may be declared by the company shall be paid to the named insured named 1 of the declarations; and
3. The named insured named in Item 1 of the declarations shall pay the premium for the insurance afforded the additional insured in accordance with the manual rules in use by the company; provided, that in the event of bankruptcy or insolvency named insured named in Item 1 of the declarations, each additional named insured shall be responsible for and shall pay company the premium for the insurance afforded such additional named insured.
4. Nothing contained herein shall affect any right of recovery as a claimant which the additional named insured would have designated as such.
5. The insurance applies with respect to the business operations of the additional named insured(s) in the states to which the applies.
6. The named insured named in Item 1 of the declarations declares that all firms named in the policy as named insured additional named insureds are owned or financially controlled by the same interests.

### Names of Additional Named Insureds

BIRDAIR STRUCTURES INC., CHEMTAB NEW YORK, O.C. BIRDAIR INC., CHEMICAL FABRICS INTERNATIONAL, CHEMICAL FABRICS LIMITED, ADVANCED FACILITIES INC., HI TEMP MATERIALS INC., TORALON PRODUCTS CORPORATION, ENVIRONMENTAL STRUC- LTD., AND ANY CORPORATION OR OTHER BUSINESS ORGANIZATION IN WHICH THE NAME INSURED NAMED IN ITEM 1 OF THE DECLARATIONS ACQUIRES DURING THE POLICY PE OWNERSHIP INTEREST OF AT LEAST 51% AND WHICH IS DOMICILED WITHIN THE UNIT STATES OF AMERICA, ITS TERRITORIES OR POSSESSIONS OR CANADA.

All other provisions and conditions remain unchanged.
Issued by the company providing the insurance afforded by this policy as designated on the declarations page made a part he

15-5305

(M) 2-81

# Wausau Insurance Companies

ENDORSEMENT                                                                              Amount Due

                                                                                              S

Invoice Number:                    Invoice Date:
Policy Number          Assn.    End. No.        T    Producer
1527 00 070095                      2
Named Insured and Address
  CHEMICAL FABRICS CORPORATION


                                                        Audit Period:
                                                        and will terminate with the policy.
This Endorsement is effective    12 01 86              12:01 A.M., standard time at the address of the named insured as state
Policy Period:
Invoice/Rating Period:

This endorsement modifies such insurance as is afforded by the provisions of the
policy relating to the following:

## COMPREHENSIVE GENERAL LIABILITY INSURANCE

### AMENDMENT – LIMITS OF LIABILITY
### (Single Limit)
### (Individual Coverage Aggregate Limit)

SCHEDULE

Limits of Liability

Coverage

Bodily Injury Liability and                    $ 1,000,000    each occurrence
Property Damage Liability                      $ 1,000,000    aggregate

It is agreed that the provisions of the policy captioned "LIMITS OF LIABILITY"
relating to Bodily Injury Liability and Property Damage Liability are amended
to read as follows:

LIMITS OF LIABILITY

Regardless of the number of (1) insureds under this policy, (2) persons or
organizations who sustain bodily injury or property damage, or (3) claims made
or suits brought on account of bodily injury or property damage, the company's
liability is limited as follows:

G634

Page 1



**ENDORSEMENT** (Continued)

CHEMICAL FABRICS CORPORATION                    1527 00 070095

Bodily Injury Liability and Property Damage Liability

(a)  The limit of liability stated in the Schedule of this endorsement as applicable
     to "each occurrence" is the total limit of the company's liability for all
     damages including damages for care and loss of services because of bodily
     injury and property damage sustained by one or more persons or organizations
     as a result of any one occurrence, provided that with respect to any occurrence
     for which notice of this policy is given in lieu of security or when
     this policy is certified as proof of financial responsibility under the
     provisions of the Motor Vehicle Financial Responsibility Law of any state or
     province such limit of liability shall be applied to provide the separate
     limits required by such law for Bodily Injury Liability and Property Damage
     Liability to the extent of the coverage required by such law, but the
     separate application of such limit shall not increase the total limit of the
     company's liability.

(b)  Subject to the above provision respecting "each occurrence", the total
     liability of the company for all damages because of all bodily injury and
     property damage which occurs during each annual period while this policy
     is in force commencing from its effective date and which is described in
     any of the numbered subparagraphs below shall not exceed the limit of
     liability stated in the Schedule of this endorsement as "aggregate":

     (1)  all property damage arising out of premises or operations rated on a
          remuneration basis or Contractor's equipment rated on a receipts basis,
          including property damage for which liability is assumed under any
          incidental contract relating to such premises or operations, but
          excluding property damage included in subparagraph (2) below;

     (2)  all property damage arising out of and occurring in the course of
          operations performed for the named insured by independent contractors
          and general supervision thereof by the named insured, including any
          such property damage for which liability is assumed under any
          incidental contract relating to such operations, but this subparagraph
          (2) does not include property damage arising out of maintenance or
          repairs at premises owned by or rented to the named insured or
          structural alterations at such premises which do not involve changing
          the size of or moving buildings or other structures;

     (3)  if Products – Completed Operations insurance is afforded, all bodily
          injury and property damage included within the completed operations
          hazard and all bodily injury and property damage included within the
          products hazard;

     (4)  if Contractual Liability Insurance is afforded, all property damage for
          which liability is assumed under any contract to which the Contractual
          Liability Insurance applies.

     Such aggregate limit shall apply separately:

                                   G634

**ENDORSEMENT (Continued)**

CHEMICAL FABRICS CORPORATION                           1527 00 070095

> (i)   to the property damage described in subparagraphs (1) and (2) and separately with respect to each project away from premises owned by or rented to the named insured;
>
> (ii)  to the sum of the damages for all bodily injury and property damage described in subparagraph (3); and
>
> (iii) to the property damage described in subparagraph (4) and separately with respect to each project away from premises owned by or rented to the named insured.

(c)  For the purpose of determining the limit of the company's liability, all bodily injury and property damage arising out of continuous or repeated exposure to substantially the same general condition shall be considered as arising out of one occurrence.

C634

II other provisions and conditions remain unchanged.
Issued by the Company providing the insurance afforded by this policy as designated on the declarations page made a part hereof.

# Wausau Insurance Companies

ENDORSEMENT

| | | | | Amount Due |
|---|---|---|---|---|
| | | | | $ |

Invoice Number:              Invoice Date:
  licy Number     Assn.   End. No.      T    Producer
1527 00 070095              3

Named Insured and Address
  CHEMICAL FABRICS CORPORATION

This Endorsement is effective    12 01 86
Policy Period:                            to
Invoice/Rating Period:                   to

Audit Period:
and will terminate with the policy.
12:01 A.M., standard time at the address of the named insured as stated herein.

### COMPLETED OPERATIONS AND PRODUCTS HAZARD
### EXCLUSION ENDORSEMENT

It is agreed that the insurance afforded by this policy, including its endorsements, does not apply to any bodily injury or property damage included within the completed operations hazard or the products hazard.

G304-1
(3-84)

All other provisions and conditions remain unchanged.
Issued by the company providing the insurance afforded by this policy as designated on the declarations page made a part hereof.

# Wausau Insurance Companies

SNOWMOBILES

| olicy Number | Assn. | End. No. | T | Representative | | Alpha Code |
|---|---|---|---|---|---|---|
| 1527 00 070095 | | 4 | | | | |

Named Insured and Address
CHEMICAL FABRICS CORPORATION

Audit Period

This Endorsement is effective    12 01 86    and will terminate with the policy.
Policy Period:                        to         12:01 A.M.    standard time at the address of the named insured as stated.

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

COMPREHENSIVE GENERAL LIABILITY INSURANCE
MANUFACTURERS' AND CONTRACTORS' LIABILITY INSURANCE
OWNERS', LANDLORDS' AND TENANTS' LIABILITY INSURANCE
OWNERS' AND CONTRACTORS' PROTECTIVE LIABILITY INSURANCE
PREMISES MEDICAL PAYMENTS INSURANCE
STOREKEEPER'S INSURANCE

is agreed that the exclusion relating to the operation or use of any snowmobile or trailer designed for use therewith app f the bodily injury or property damage occurs away from premises owned by, rented to or controlled by the named insure

All other provisions and conditions remain unchanged.
Issued by the Company providing the insurance afforded by this policy as designated on the declarations page made a par

(M) 10-76   PRTD. USA                                560-522

# Wausau Insurance Companies

**ENDORSEMENT**

Amount Due

S

voice Number:          Invoice Date:
rolicy Number     Assn.    End. No.        T    Producer
1527 00 070095              5
Named Insured and Address
    CHEMICAL FABRICS CORPORATION

This Endorsement is effective     12 01 86

Audit Period:
and will terminate with the policy.

**Policy Period:**                                to
**Invoice/Rating Period:**                        to

12:01 A.M., standard time at the address of the named insured as stated herein

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

    (x) COMPREHENSIVE GENERAL LIABILITY INSURANCE
    ( ) MANUFACTURERS AND CONTRACTORS LIABILITY INSURANCE
    ( ) OWNERS, LANDLORDS AND TENANTS LIABILITY INSURANCE

        AMENDATORY ENDORSEMENT - LIQUOR EXCLUSION
              New Hampshire

It is agreed that exclusion (h) applies to any operation of the insured, or the insured's indemnitee, involved in the selling or serving of alcoholic beverages for a charge regardless of whether the insured, or the insured's indemnitee, is in the business of making a profit from the selling or serving of such beverages.

                            G575
All other provisions and conditions remain unchanged.        (10-84)
Issued by the company providing the insurance afforded by this policy as designated on the declarations page made a part hereof.

# Nausau Insurance Companys

## AMENDATORY ENDORSEMENT

| | | End | | | | |
|---|---|---|---|---|---|---|
| olicy Number | Assn. | No. | T | Producer | | Alpha |

1527 00 070095                       6

Named Insured and Address
   CHEMICAL FABRICS CORPORATION

This Endorsement is effective          12 01 86

Policy Period:                                    to

Audit Period
and will terminate with the policy.
12:01 A.M.. standard time at the address of the named insured as stated her~

---

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

( x ) COMPREHENSIVE GENERAL LIABILITY INSURANCE
(     ) MANUFACTURERS AND CONTRACTORS LIABILITY INSURANCE
(     ) OWNERS, LANDLORDS AND TENANTS LIABILITY INSURANCE
(     ) OWNERS AND CONTRACTORS PROTECTIVE LIABILITY INSURANCE
(     ) STOREKEEPERS INSURANCE

---

It is agreed that the exclusion relating to **bodily injury** to any employee of the **insured** is deleted and replaced by the following:

This insurance does not apply:

(i)    to **bodily injury** to any employee of the **insured** arising out of and in the course of his employment by the **insured** for which the **insured** may be held liable as an employer or in any other capacity;

(ii)   to any obligation of the **insured** to indemnify or contribute with another because of damages arising out of the **bodily injury;** or

(iii)  to **bodily injury** sustained by the spouse, child, parent, brother or sister of an employee of the **insured** as a consequence of bodily injury to such employee arising out of and in the course of his employment by the **insured;**

This exclusion applies to all claims and suits by any person or organization for damages because of such bodily injury including damages for care and loss of services.

This exclusion does not apply to liability assumed by the **insured** under an **incidental contract.**

All other provisions and conditions remain unchanged.
Issued by the Company providing the insurance afforded by this policy as designated on the declarations page made a part hereof.

'M) 4-84   PRTD. USA                              560-638

G638
GL 00 32

## Wausau Insurance Companies
BROADFORM COMPREHENSIVE GENERAL LIABILITY ENDORSEMENT

| Invoice Number | Invoice Date | | | | | Amount Due |
|---|---|---|---|---|---|---|
| | | | | | | $ |

| olicy Number | Assn. | End. No. | T | Producer | Alpha Co. |
|---|---|---|---|---|---|
| 1527 00 070095 | | 7 | | | |

Named Insured and Address
CHEMICAL FABRICS CORPORATION

Audit Period

This Endorsement is effective    12 01 86    and will terminate with the policy.
Policy Period:                     to            12:01 A.M.,    standard time at the address of the named insured as stated here

---

This endorsement mod es such insurance as is afforded by the provisions of the policy relating to the following designat
insurance:

### COMPREHENSIVE GENERAL LIABILITY INSURANCE

---

## I.  CONTRACTUAL LIABILITY COVERAGE

(A)  The definition of **incidental contract** is extended to include any oral or written contract or agreement relating to the conduct of the **named insured's** business.

(B)  The insurance afforded with respect to liability assumed under an **incidental contract** is subject to the following additional exclusions:

(1)  to **bodily injury** or **property damage** for which the **insured** has assumed liability under any **incidental contract**, if such injury or damage occurred prior to the execution of the **incidental contract**;

(2)  if the **insured** is an architect, engineer or surveyor, to **bodily injury** or **property damage** arising out of the rendering of or the failure to render professional services by such **insured**, including

(a)  the preparation or approval of maps, drawings, opinions, reports, surveys, change orders, designs or specifications, and

(b)  supervisory, inspection or engineering services;

(3)  if the indemnitee of the **insured** is an architect, engineer or surveyor, to the liability of the indemnitee, his agents or employees, arising out of

(a)  the preparation or approval of or the failure to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications, or

(b)  the giving of or the failure to give directions or instructions by the indemnitee, his agents or employees, provided such giving or failure to give is the primary cause of the **bodily injury** or **property damage**;

(4)  to any obligation for which the **insured** may be held liable in an action on a contract by a third party beneficiary for **bodily injury** or **property damage** arising out of a project for a public authority; but this exclusion does not apply to an action by the public authority or any other person or organization engaged in the project.

(5)  to **bodily injury** or **property damage** arising out of construction or demolition operations, within 50 feet of any railroad property, and affecting any railroad bridge or trestle, tracks, road beds, tunnel, underpass or crossing; but this exclusion does not apply to sidetrack agreements.

Page 1 of 6 pages
G222

(M) 12-82  PRTD. USA                    560-222.1                    GL 04 04 03 81

### BROAD FORM COMPREHENSIVE GENERAL LIABILITY ENDORSEMENT (Continued)

(C) The following exclusions applicable to Coverages A (Bodily Injury) and B (Property Damage) do not apply to this Contractual Liability Coverage: (b), (c) (2), (d) and (e).

(D) The following additional condition applies:

Arbitration

The company shall be entitled to exercise all of the insured's rights in the choice of arbitrators and in the conduct of any arbitration proceeding.

## II. PERSONAL INJURY AND ADVERTISING INJURY LIABILITY COVERAGE

(A) The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of personal injury or advertising injury to which this insurance applies, sustained by any person or organization and arising out of the conduct of the named insured's business, within the policy territory, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such injury, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

(B) This insurance does not apply:

(1) to liability assumed by the insured under any contract or agreement;

(2) to personal injury or advertising injury arising out of the wilful violation of a penal statute or ordinance committed by or with the knowledge or consent of the insured;

(3) to personal injury or advertising injury arising out of a publication or utterance of a libel or slander, or a publication or utterance in violation of an individual's right of privacy, if the first injurious publication or utterance of the same or similar material by or on behalf of the named insured was made prior to the effective date of this insurance;

(4) to personal injury or advertising injury arising out of libel or slander or the publication or utterance of defamatory or disparaging material concerning any person or organization or goods, products or services, or in violation of an individual's right of privacy, made by or at the direction of the insured with knowledge of the falsity thereof;

(5) to personal injury or advertising injury arising out of the conduct of any partnership or joint venture of which the insured is a partner or member and which is not designated in the declarations of the policy as a named insured;

(6) to advertising injury arising out of

(a) failure of performance of contract, but this exclusion does not apply to the unauthorized appropriation of ideas based upon alleged breach of implied contract, or

(b) infringement of trademark, service mark or trade name, other than titles or slogans, by use thereof on or in connection with goods, products or services sold, offered for sale or advertised, or

(c) incorrect description or mistake in advertised price of goods, products or services sold, offered for sale or advertised;

(7) with respect to advertising injury

(a) to any insured in the business of advertising, broadcasting, publishing or telecasting, or

(b) to any injury arising out of any act committed by the insured with actual malice.

(C) Limits of Liability

Regardless of the number of (1) insureds hereunder, (2) persons or organizations who sustain injury or damage, or (3) claims made or suits brought on account of personal injury or advertising injury the total limit of the company's liability under this coverage for all damages shall not exceed the limit of liability stated in this endorsement as "aggregate".

(D) Additional Definitions

"Advertising Injury" means injury arising out of an offense committed during the policy period occurring in the course of the named insured's advertising activities, if such injury arises out of libel, slander, defamation, violation of right of privacy, piracy, unfair competition, or infringement of copyright, title or slogan.

"Personal Injury" means injury arising out of one or more of the following offenses committed during the policy period:

1. false arrest, detention, imprisonment, or malicious prosecution;

2. wrongful entry or eviction or other invasion of the right of private occupancy;

3. a publication or utterance

(a) of a libel or slander or other defamatory or disparaging material, or

(b) in violation of an individual's right of privacy;

except publications or utterances in the course of or related to advertising, broadcasting, publishing or telecasting activities conducted by or on behalf of the named insured shall not be deemed personal injury.

BROAD FORM COMPREHENSIVE GENERAL LIABILITY ENDORSEMENT (Continued)

### III. PREMISES MEDICAL PAYMENTS COVERAGE

The company will pay to or for each person who sustains **bodily injury** caused by accident all reasonable **medical** expense incurred within one year from the date of the accident on account of such **bodily injury**, provided such **bodily injury** arises out of (a) a condition in the **insured premises** or (b) operations with respect to which the **named insured** is afforded coverage for **bodily injury** liability under the policy.

This insurance does not apply:

(A) to **bodily injury**

    (1) arising out of the ownership, maintenance, operation, use, loading or unloading of

        (a) any **automobile** or aircraft owned or operated by or rented or loaned to any **insured**, or

        (b) any other **automobile** or aircraft operated by any person in the course of his employment by any **insured**;

        but this exclusion does not apply to the parking of an **automobile** on the **insured premises,** if such **automobile** is not owned by or rented or loaned to any **insured**;

    (2) arising out of

        (a) the ownership, maintenance, operation, use, loading or unloading of any **mobile equipment** while being used in any prearranged or organized racing, speed or demolition contest or in any stunting activity or in practice or preparation for any such contest or activity, or

        (b) the operation or use of any snowmobile or trailer designed for use therewith;

    (3) arising out of the ownership, maintenance, operation, use, loading or unloading of

        (a) any watercraft owned or operated by or rented or loaned to any **insured**, or

        (b) any other watercraft operated by any person in the course of his employment by any **insured**;

        but this exclusion does not apply to watercraft while ashore on the **insured premises**;

    (4) arising out of and in the course of the transportation of **mobile equipment** by an **automobile** owned or operated by or rented or loaned to the **named insured**;

(B) to **bodily injury**

    (1) included within the **completed operations hazard** or the **products hazard**;

    (2) arising out of operations performed for the **named insured** by independent contractors other than

        (a) maintenance and repair of the **insured premises** or

        (b) structural alterations at such premises which do not involve changing the size of or moving buildings or other structures;

    (3) resulting from the selling, serving or giving of any alcoholic beverage

        (a) in violation of any statute, ordinance or regulation,

        (b) to a minor,

        (c) to a person under the influence of alcohol, or

        (d) which causes or contributes to the intoxication of any person,

        if the **named insured** is a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, or if not so engaged, is an owner or lessor of premises used for such purposes, but only part (a) of this exclusion (B) (3) applies when the **named insured** is such an owner or lessor;

    (4) due to war, whether or not declared, civil war, insurrection, rebellion or revolution, or to any act or condition incident to any of the foregoing;

(C) to **bodily injury**

    (1) to the **named insured**, any partner thereof, any tenant or other person regularly residing on the **insured premises** or any employee of any of the foregoing if the **bodily injury** arises out of and in the course of his employment therewith;

    (2) to any other tenant if the **bodily injury** occurs on that part of the **insured premises** rented from the **named insured** or to any employee of such a tenant if the **bodily injury** occurs on the tenant's part of the insured premises and arises out of and in the course of his employment for the tenant;

    (3) to any person while engaged in maintenance and repair of the **insured premises** or alteration, demolition or new construction at such premises;

    (4) to any person if any benefits for such **bodily injury** are payable or required to be provided under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

    (5) to any person practicing, instructing or participating in any physical training, sport, athletic activity or contest whether on a formal or informal basis;

(M) 12-82                     560-222.1

### BROAD FORM COMPREHENSIVE GENERAL LIABILITY ENDORSEMENT (Continued)

(6) if the named insured is a club, to any member of the named insured;

(7) if the named insured is a hotel, motel, or tourist court, to any guest of the named insured.

(D) to any medical expense for services by the named insured, any employee thereof or any person or organization under contract to the named insured to provide such services.

#### LIMITS OF LIABILITY

The limit of liability for Premises Medical Payments Coverage is $1,000 each person unless otherwise stated in the schedule of this endorsement. The limit of liability applicable to "each person" is the limit of the company's liability for all medical expense for bodily injury to any one person as the result of any one accident; but subject to the above provision respecting "each person", the total liability of the company under Premises Medical Payments Coverage for all medical expense for bodily injury to two or more persons as the result of any one accident shall not exceed the limit of bodily injury liability stated in the policy as applicable to "each occurrence".

When more than one medical payments coverage afforded by the policy applies to the loss, the company shall not be liable for more than the amount of the highest applicable limit of liability.

#### ADDITIONAL DEFINITIONS

When used herein:

"insured premises" means all premises owned by or rented to the named insured with respect to which the named insured is afforded coverage for bodily injury liability under this policy, and includes the ways immediately adjoining on land;

"medical expense" means expenses for necessary medical, surgical, x-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services.

#### ADDITIONAL CONDITION

Medical Reports; Proof and Payment of Claim

As soon as practicable the injured person or someone on his behalf shall give to the company written proof of claim, under oath if required, and shall, after each request from the company, execute authorization to enable the company to obtain medical reports and copies of records. The injured person shall submit to physical examination by physicians selected by the company when and as often as the company may reasonably require. The company may pay the injured person or any person or organization rendering the servicies and the payment shall reduce the amount payable hereunder for such injury. Payment hereunder shall not constitute an admission of liability of any person or, except hereunder, of the company.

### IV. HOST LIQUOR LAW LIABILITY COVERAGE

Exclusion (h) does not apply with respect to liability of the insured or his indemnitee arising out of the giving or serving of alcoholic beverages at functions incidental to the named insured's business, provided the named insured is not engaged in the business of manufacturing, distributing, selling or serving of alcoholic beverages.

### V. FIRE LEGAL LIABILITY COVERAGE — REAL PROPERTY

With respect to property damage to structures or portions thereof rented to or leased to the named insured, including fixtures permanently attached thereto, if such property damage arises out of fire;

(A) All of the exclusions of the policy, other than the Nuclear Energy Liability Exclusion (Broad Form), are deleted and replaced by the following:

This insurance does not apply to liability assumed by the insured under any contract or agreement.

(B) The limit of property damage liability as respects this Fire Legal Liability Coverage — Real Property is $50,000 each occurrence unless otherwise stated in the Schedule of this endorsement.

(C) The Fire Legal Liability Coverage — Real Property shall be excess insurance over any valid and collectible property insurance (including any deductible portion thereof), available to the insured, such as, but not limited to, Fire, Extended Coverage, Builder's Risk Coverage or Installation Risk Coverage, and the Other Insurance Condition of the policy is amended accordingly.

### VI. BROAD FORM PROPERTY DAMAGE LIABILITY COVERAGE (Including Completed Operations)

The insurance for property damage liability applies, subject to the following additional provisions:

A. Exclusions (k) and (o) are replaced by the following:

(1) to property owned or occupied by or rented to the insured, or, except with respect to the use of elevators, to property held by the insured for sale or entrusted to the insured for storage or safekeeping,

(2) except with respect to liability under a written sidetrack agreement or the use of elevators

(a) to property while on premises owned by or rented to the insured for the purpose of having operations performed on such property by or on behalf of the insured,

(b) to tools or equipment while being used by the insured in performing his operations,

(c) to property in the custody of the insured which is to be installed, erected or used in construction by the insured,

(d) to that particular part of any property, not on premises owned by or rented to the insured,

BROAD FOR COMPREHENSIVE GENERAL LIABILITY ENDORSEMENT (Continued)

(i)   upon which operations are being performed by or on behalf of the insured at the time of the property damage arising out of such operations, or

(ii)   out of which any property damage arises, or

(iii)   the restoration, repair or replacement of which has been made or is necessary by reason of faulty workmanship thereon by or on behalf of the insured;

(3)   with respect to the completed operations hazard and with respect to any classification stated in the policy or in the company's manual as "including completed operations", to property damage to work performed by the named insured arising out of such work or any portion thereof, or out of such materials, parts or equipment furnished in connection therewith,

B.   The Broad Form Property Damage Liability Coverage shall be excess insurance over any valid and collectible property insurance (including any deductible portion thereof) available to the insured, such as, but not limited to, Fire, Extended Coverage, Builder's Risk Coverage or Installation Risk Coverage, and the Other Insurance Condition of the policy is amended accordingly.

## VII. INCIDENTAL MEDICAL MALPRACTICE LIABILITY COVERAGE

The definition of bodily injury is amended to include Incidental Medical Malpractice Injury.

Incidental Medical Malpractice Injury means injury arising out of the rendering of or failure to render, during the policy period, the following services:

(A)   medical, surgical, dental x-ray or nursing service or treatment or the furnishing of food or beverages in connection therewith; or

(B)   the furnishing or dispensing of drugs or medical, dental or surgical supplies or appliances.

This coverage does not apply to:

(1)   expenses incurred by the insured for first-aid to others at the time of an accident and the "Supplementary Payments" provision and the "Insured's Duties in the Event of Occurrence, Claim or Suit" Condition are amended accordingly; or

(2)   any insured engaged in the business or occupation of providing any of the services described under VII (A) and (B) above.

(3)   injury caused by any indemnitee if such indemnitee is engaged in the business or occupation of providing any of the services described under VII (A) and (B) above.

## VIII. NON-OWNED WATERCRAFT LIABILITY COVERAGE (under 26 feet in length)

Exclusion (e) does not apply to any watercraft under 26 feet in length provided such watercraft is neither owned by the named insured nor being used to carry persons or property for a charge.

Where the insured is irrespective of this coverage, covered or protected against any loss or claim which would otherwise have been paid by the company under this endorsement, there shall be no contribution or participation by this company on the basis of excess, contributing, deficiency, concurrent, or double insurance or otherwise.

## IX. LIMITED WORLDWIDE LIABILITY COVERAGE

The definition of policy territory is amended to include the following:

4.   Anywhere in the world with respect to bodily injury, property damage, personal injury or advertising injury arising out of the activities of any insured permanently domiciled in the United States of America though temporarily outside the United States of America, its territories and possessions or Canada, provided the original suit for damages because of any such injury or damage is brought within the United States of America, its territories or possessions or Canada.

Such insurance as is afforded by paragraph 4. above shall not apply:

(a)   to bodily injury or property damage included within the completed operations hazard or the products hazard;

(b)   to premises medical payments coverage.

## X. ADDITIONAL PERSONS INSURED

As respects bodily injury, property damage and personal injury and advertising injury coverages, under the provision "Persons Insured", the following are added as insured:

(A)   Spouse — Partnership — If the named insured is a partnership, the spouse of a partner but only with respect to the conduct of the business of the named insured.

(B)   Employee — Any employee (other than executive officers) of the named insured while acting within the scope of his duties as such, but the insurance afforded to such employee does not apply:

(1)   to bodily injury or personal injury to another employee of the named insured arising out of or in the course of his employment;

(2)   to personal injury or advertising injury to the named insured or, if the named insured is a partnership or joint venture, any partner or member thereof, or the spouse of any of the foregoing;

BROAD FORM COMPREHENSIVE GENERAL LIABILITY ENDORSEMENT (Continued)
CHEMICAL FAㄧ\CS CORPORATION                                    1527 00 070095
(3)  to property dam(   )o property owned, occupied or used by, rented   )n the care, custody or control of or over
which physical control is being exercised for any purpose by another employee of the named insured, or by the
named insured or, if the named insured is a partnership or joint venture, by any partner or member thereof or by the
spouse of any of the foregoing.

## XI.  EXTENDED BODILY INJURY COVERAGE

The definition of occurrence includes any intentional act by or at the direction of the insured which results in bodily injury, if such
injury arises solely from the use of reasonable force for the purpose of protecting persons or property.

## XII.  AUTOMATIC COVERAGE — NEWLY ACQUIRED ORGANIZATIONS (90 DAYS)

The word insured shall include as named insured any organization which is acquired or formed by the named insured and over
which the named insured maintains ownership or majority interest, other than a joint venture, provided this insurance does not
apply to bodily injury, property damage, personal injury or advertising injury with respect to which such new organization under
this policy is also an insured under any other similar liability or indemnity policy or would be an insured under any such policy but
for exhaustion of its limit of liability. The insurance afforded hereby shall terminate 90 days from the date any such organization is
acquired or formed by the named insured.

## SCHEDULE

Personal Injury and Advertising Injury Liability
Aggregate Limit shall be the per occurrence bodily injury liability limit unless otherwise indicated herein.

Limit of Liability $ __1,000,000_____ Aggregate.

Limit of Liability — Premises Medical Payments Coverage:
$1,000 each person unless otherwise indicated herein $ _____ each person.

Limit of Liability — Fire Legal Liability Coverage:
$50,000 per occurrence unless otherwise indicated herein $ _____ per occurrence.

**Premium Basis**
_____15__ % OF THE TOTAL COMPREHENSIVE GENERAL
LIABILITY BODILY INJURY AND PROPERTY
DAMAGE PREMIUM AS OTHERWISE DETERMINED

Item No.            Code No.
(0008)               99990
                      (325)

Estimated Annual Premium          Advance Premium
BI $              PD $            $

SEE SCHEDULE OF GENERAL LIABILITY HAZARDS

All other provisions and conditions remain unchanged.
Issued by the Company providing the insurance afforded by this policy as designated on the declarations page made a part hereof.

Page 6 of 6 pages
G222

## Nausau Insurance Companies

### GENERAL LIABILITY

### AMENDATORY ENDORSEMENT — ADDITIONAL DEFINITION

It is agreed that the following definition is added:

**"loading or unloading"**, with respect to an **automobile,** means the handling of property after it is moved from the place where it is accepted for movement into or onto an **automobile** or while it is in or on an **automobile** or while it is being moved from an **automobile** to the place where it is finally delivered, but "loading or unloading" does not include the movement of property by means of a mechanical device (other than a hand truck) not attached to the **automobile.**

All other provisions and conditions remain unchanged.
Issued by the Company providing the insurance afforded by this policy as designated on the declarations page made a part hereof.

PLOYEE BENEFITS LIABILITY INSURANCE END—SEMENT (Continued)

## SCHEDULE

Named Insured    CHEMICAL FABRICS CORPORATION        Policy Number    1527 00 070095

1.  Limits of Liability

    $ ___1,000,000___ each claim

    $ ___1,000,000___ aggregate

2.  Deductible

    $ ___1,000___ each claim

3.  Pursuant to subdivision (2) of the definition of "employee benefits program," the definition of "employee benefits program" also in
    the following:

4.  Premium.

| Item No. | Code No. | No. of Employees | Estimated Premium |
|---|---|---|---|
| (0009) | 17850 (317) | 284 | $ |

Amount Due $_____

SEE SCHEDULE OF GENERAL LIABILITY HAZARDS

" other provisions and conditions remain unchanged.
.ued by the Company providing the insurance afforded by this policy as designated on the declarations page made a part hereof.

(M) 2-83                                515-6212

EMPLOYEE BENEFITS LIABILITY INSURANCE ENDORSEMENT (Continued)

(b) If the named insured is designated in the declarations as a partnership or joint venture, the partnership or joint venture so designated and any such partner or member thereof but only with respect to his liability as such;

(c) If the named insured is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such;

(d) Any employee of the named insured authorized to act in the administration of the named insured's employee benefits program, while acting within the scope of his duties in connection therewith;

provided that the insurance shall not apply to any person included as a fiduciary under the Employee Retirement Income Security Act of 1974, including any amendments and regulations relating thereto, while acting in his capacity as such.

This insurance does not apply to loss arising out of the conduct of any partnership or joint venture of which the insured is a partner or member and which is not designated in the policy as a named insured.

III. **Limits of Liability; Deductible.** The limit of liability stated in the schedule of this endorsement as applicable to "each claim" is the limit of the company's liability for all damages included in each claim to which this insurance applies; provided that the term "each claim" includes all claims on account of any loss or losses sustained by any one employee or former employee and the estate, heirs, legal representatives, beneficiaries or assigns of such employee or former employee, as the result of any act, error or omission or combination of related acts, errors or omissions.

Subject to the foregoing provision respecting the limit of liability for "each claim," the limit of liability stated in the schedule as "aggregate" is the total limit of the company's liability for all damages because of all losses under this insurance.

The amount shown in the schedule of this endorsement as the "deductible amount" shall be deducted from the total amount of all sums which the insured shall become legally obligated to pay as damages on account of each claim, and the company shall be liable only for the difference between such deductible amount and the applicable limit of liability. The terms of the policy and this endorsement, including those with respect to notice of claims, suits, acts, errors and omissions, apply irrespective of the application of the deductible amount. The company may pay any part or all of the deductible amount to effect settlement of any claim or suit and, upon notification of the action taken, the named insured shall promptly reimburse the company for such part of the deductible amount as has been paid by the company.

IV. **Endorsement Period; Territory.** The insurance applies only to loss for which claim is made against the insured within the United States of America, its territories or possessions, or Canada, during the endorsement period, provided that with respect to any such claims arising out of acts, errors or omissions occurring prior to the effective date of this endorsement, the insurance applies only if on the effective date of this endorsement the insured did not have knowledge of such prior occurrences or any other circumstances that he knew or ought reasonably to have known might result in a claim under this insurance.

If during this endorsement period the insured becomes aware of any occurrences or circumstances which might result in a claim or claims under this insurance, and notice thereof is given to the company as soon as practicable, in accordance with Condition 4 (a) of the policy, it is agreed that any subsequent claim arising out of such occurrences or circumstances, whether made during or after the expiration of this endorsement period, shall be treated as a claim made during this endorsement period.

V. **Additional Definitions.** When used in reference to this insurance

"administration" means

(1) providing interpretations and giving counsel to employees of the named insured regarding the named insured's employee benefits program;

(2) handling records in connection with the named insured's employee benefits program;

(3) effecting the enrollment, termination or cancelation of employees under the named insured's employee benefits program;

but does not include any act, error or omission of any person, acting in the capacity of a fiduciary under the Employee Retirement Income Security Act of 1974, including any amendments and regulations relating thereto.

"employee benefits program" means any of the following employee benefit plans and programs maintained for the benefit of the named insured's employees or former employees:

(1) group life insurance, group accident and health insurance, employee pension plans, employee stock subscription plans, profit-sharing plans, workers compensation, unemployment compensation, social security and disability benefits insurance;

(2) any employee benefit plan or program described in the schedule of this endorsement;

(3) any other employee benefit plan or program added to the named insured's employee benefits program after the effective date of this endorsement provided that written notice thereof is given to the company within 30 days after the effective date thereof.

VI. **Additional Conditions.**

**Notice of Claim, Suit, Act, Error or Omission.** If any claim is made against the insured or if the insured shall learn of any occurrences or circumstances which might result in a claim hereunder, written notice shall be given by or on behalf of the insured as soon as practicable in accordance with the requirements of Condition 4 (a) of the policy.

Page 2 of 3 pages
G5505

# Wausau Insurance Companies
## EMPLOYEE BENEFITS LIABILITY INSURANCE ENDORSEMENT

Invoice Number    Invoice Date                                                    Amount Due
                                                                                   $

                              End
**Policy Number**      Assn.   No.        T    Producer                           Alpha Code
1527 00 070095                8
Named Insured and Address
        CHEMICAL FABRICS CORPORATION                                    CLAIMS MADE BASIS


                                                        Audit Period


This Endorsement is effective    12 01 86                      and will terminate with the policy.
**Policy Period:**                   to          12:01 A.M., standard time at the address of the named insured as stated herein.


The company agrees with the **named insured**, subject to all of the provisions of the policy not expressly modified herein, as follows:

I.  **Employee Benefits Liability Coverage.** The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of loss sustained by any employee or former employee of the named insured, or by the estate, heirs, legal representatives, beneficiaries or assigns of any such employee or former employee, arising out of any act, error or omission occurring in the administration of the **named insured's employee benefits program**; and the company shall have the right and duty to defend any suit against the **insured** seeking such damages, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

**Exclusions**

This insurance does not apply:

(a)  to any loss or claim arising out of

   (1)  discrimination;

   (2)  libel, slander or humiliation; or

   (3)  any dishonest, fraudulent, criminal or malicious act;

(b)  to any loss or claim arising out of **bodily injury**, or injury to the feelings or reputation of any person, including any mental injury, or injury to or destruction of tangible property, including the loss of use thereof;

(c)  to any loss or claim arising out of failure of performance of any contract by an insurer;

(d)  to any loss or claim based upon the **insured's** failure to comply with any law concerning workers compensation, unemployment compensation, social security, or disability benefits;

(e)  to any loss or claim based upon

   (1)  failure of stock or other investments to perform as represented by the **insured**;

   (2)  advice on whether to participate or not participate in any stock subscription plan;

   (3)  the investment or noninvestment of funds;

   (4)  financial failure of any plan or program included in the named insured's employee benefit program.

II.  **Persons Insured.** Each of the following is an **insured** under this insurance to the extent set forth below:

   (a)  If the **named insured** is designated in the declarations as an individual, the person so designated but only with respect to the conduct of a business of which he is the sole proprietor, and the spouse of the **named insured** with respect to the conduct of such a business;



## Wausau Insurance Companies

### PREJUDGMENT INTEREST AMENDATORY ENDORSEMENT

The following is added to the Supplementary Payments provision in this policy:

The Company will pay, in addition to the applicable limit of liability, prejudgment interest awarded against the insured on that part of the judgment the Company pays. If the Company makes an offer to pay the applicable limit of its liability, the Company will not pay any prejudgment interest based on that period of time after the offer.



All other provisions and conditions remain unchanged.
Issued by the company providing the insurance afforded by this policy as designated on the declarations page made a part hereof.

10-84    PRTD. USA                                         80-134                                         IL 00 18
                                                                                                    (Ed. 10 84)

# Nausau Insurance Companies

## POLLUTION EXCLUSION

It is agreed that the exclusion relating to the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials, or other irritants, contaminants or pollutants is replaced by the following:

(1) to **bodily injury** or **property damage** arising out of the actual, alleged or threatened discharge, dispersal, release or escape of pollutants:

  (a) at or from premises owned, rented or occupied by the **named insured;**

  (b) at or from any site or location used by or for the **named insured** or others for the handling, storage, disposal, processing or treatment of waste;

  (c) which are at any time transported, handled, stored, treated, disposed of or processed as waste by or for the **named insured** or any person or organization for whom the **named insured** may be legally responsible; or

  (d) at or from any site or location on which the **named insured** or any contractors or subcontractors working directly or indirectly on behalf of the **named insured** are performing operations:

  (i) if the pollutants are brought on or to the site or location in connection with such operations; or

  (ii) if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize the pollutants.

(2) to any loss, cost or expense arising out of any governmental direction or request that the **named insured** test for, monitor, clean up, remove, contain, treat, detoxify or neutralize pollutants.

Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

Subparagraphs (a) and (d)(i) of paragraph (1) of this exclusion do not apply to **bodily injury** or **property damage** caused by heat, smoke or fumes from a hostile fire. As used in this exclusion, a hostile fire means one which becomes uncontrollable or breaks out from where it was intended to be.

Copyright, Insurance Services Office, Inc., 1986

All other provisions and conditions remain unchanged.
Issued by the Company providing the insurance afforded by this policy as designated on the declarations page made a part hereof.

arising out of the use of any vehicle to which this policy applies, not to exceed $250 per bail bond, but the company shall have no obligation to apply for or furnish any such bonds;

(c) expenses incurred by the **insured** for first aid to others at the time of an accident, for **bodily injury** to which this policy applies;

(d) reasonable expenses incurred by the **insured** at the company's request in assisting the company in the investigation or defense of any claim or suit, including actual loss of earnings not to exceed $25 per day.

## DEFINITIONS

When used in this policy (including endorsements forming a part hereof):

**"automobile"** means a land motor vehicle, trailer or semi-trailer designed for travel on public roads (including any machinery or apparatus attached thereto), but does not include **mobile equipment**;

**"bodily injury"** means bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom;

**"collapse hazard"** includes "structural property damage" as defined herein and **property damage** to any other property at any time resulting therefrom. "Structural property damage" means the collapse of or structural injury to any building or structure due to (1) grading of land, excavating, borrowing, filling, back-filling, tunneling, pile driving, cofferdam work or caisson work or (2) moving, shoring, underpinning, raising or demolition of any building or structure or removal or rebuilding of any structural support thereof. The **collapse hazard** does not include **property damage** (1) arising out of operations performed for the **named insured** by independent contractors, or (2) included within the **completed operations hazard** or the **underground property damage hazard**, or (3) for which liability is assumed by the **insured** under an **incidental contract**;

**"completed operations hazard"** includes **bodily injury** and **property damage** arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the **bodily injury** or **property damage** occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the **named insured**. "Operations" include materials, parts or equipment furnished in connection therewith. Operations shall be deemed completed at the earliest of the following times:

(1) when all operations to be performed by or on behalf of the **named insured** under the contract have been completed,

(2) when all operations to be performed by or on behalf of the **named insured** at the site of the operations have been completed, or

(3) when the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

Operations which may require further service or maintenance work, or correction, repair or replacement because of any defect or deficiency, but which are otherwise complete, shall be deemed completed.

The **completed operations hazard** does not include **bodily injury** or **property damage** arising out of

(a) operations in connection with the transportation of property, unless the **bodily injury** or **property damage** arises out of a condition in or on a vehicle created by the loading or unloading thereof,

(b) the existence of tools, uninstalled equipment or abandoned or unused materials, or

(c) operations for which the classification stated in the policy or in the company's manual specifies "including completed operations";

**"elevator"** means any hoisting or lowering device to connect floors or landings, whether or not in service, and all appliances thereof including any car, platform, shaft, hoistway, stairway, runway, power equipment and machinery; but does not include an **automobile** servicing hoist, or a hoist without a platform outside a building if without mechanical power or if not attached to building walls, or a hod or material hoist used in alteration, construction or demolition operations, or an inclined conveyor used exclusively for carrying property or a dumbwaiter used exclusively for carrying property and having a compartment height not exceeding four feet;

**"explosion hazard"** includes **property damage** arising out of blasting or explosion. The **explosion hazard** does not include **property damage** (1) arising out of the explosion of air or steam vessels, piping under pressure, prime movers, machinery or power transmitting equipment, or (2) arising out of operations performed for the **named insured** by independent contractors, or (3) included within the **completed operations hazard** or the **underground property damage hazard**, or (4) for which liability is assumed by the **insured** under an **incidental contract**;

**"incidental contract"** means any written (1) lease of premises, (2) easement agreement, except in connection with construction or demolition operations on or adjacent to a railroad, (3) undertaking to indemnify a municipality required by municipal ordinance, except in connection with work for the municipality, (4) sidetrack agreement, or (5) **elevator** maintenance agreement;

**"insured"** means any person or organization qualifying as an insured in the "Persons Insured" provision of the applicable insurance coverage. The insurance afforded applies separately to each **insured** against whom claim is made or suit is brought, except with respect to the limits of the company's liability;

**"mobile equipment"** means a land vehicle (including any machinery or apparatus attached thereto), whether or not self-propelled, (1) not subject to motor vehicle registration, or (2) maintained for use exclusively on premises owned by or rented to the **named insured**, including the ways immediately adjoining, or (3) designed for use principally off public roads, or (4) designed or maintained for the sole purpose of affording mobility to equipment of the following types forming an integral part of or permanently attached to such vehicle: power cranes, shovels, loaders, diggers and drills; concrete mixers (other than the mix-in-transit type); graders, scrapers, rollers and other road construction or repair equipment; air-compressors, pumps and generators, including spraying, welding and building cleaning equipment; and geophysical exploration and well servicing equipment;

"named insured" means the person or organization named in Item 1. of the declarations of this policy;

"named insured's products" means goods or products manufactured, sold, handled or distributed by the named insured or by others trading under his name, including any container thereof (other than a vehicle), but "named insured's products" shall not include a vending machine or any property other than such container, rented to or located for use of others but not sold;

"occurrence" means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured;

"policy territory" means:

(1) the United States of America, its territories or possessions, or Canada, or

(2) international waters or air space, provided the bodily injury or property damage does not occur in the course of travel or transportation to or from any other country, state or nation, or

(3) anywhere in the world with respect to damages because of bodily injury or property damage arising out of a product which was sold for use or consumption within the territory described in paragraph (1) above, provided the original suit for such damages is brought within such territory;

"products hazard" includes bodily injury and property damage arising out of the named insured's products or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs away from premises owned by or rented to the named insured and after physical possession of such products has been relinquished to others;

"property damage" means (1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period;

"underground property damage hazard" includes underground property damage as defined herein and property damage to any other property at any time resulting therefrom. "Underground property damage" means property damage to wires, conduits, pipes, mains, sewers, tanks, tunnels, any similar property, and any apparatus in connection therewith, beneath the surface of the ground or water, caused by and occurring during the use of mechanical equipment for the purpose of grading land, paving, excavating, drilling, borrowing, filling, back-filling or pile driving. The underground property damage hazard does not include property damage (1) arising out of operations performed for the named insured by independent contractors, or (2) included within the completed operations hazard, or (3) for which liability is assummed by the insured under an incidental contract.

## CONDITIONS

1. Premium All premiums for this policy shall be computed in accordance with the company's rules, rates, rating plans, premiums and minimum premiums applicable to the insurance afforded herein.

Premium designated in this policy as "advance premium" is a deposit premium only which shall be credited to the amount of the earned premium due at the end of the policy period. At the close of each period (or part thereof terminating with the end of the policy period) designated in the declarations as the audit period the earned premium shall be computed for such period and, upon notice thereof to the named insured, shall become due and payable. If the total earned premium for the policy period is less than the premium previously paid, the company shall return to the named insured the unearned portion paid by the named insured.

The named insured shall maintain records of such information as is necessary for premium computation, and shall send copies of such records to the company at the end of the policy period and at such times during the policy period as the company may direct.

2. Inspection and Audit The company shall be permitted but not obligated to inspect the named insured's property and operations at any time. Neither the company's right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking, on behalf of or for the benefit of the named insured or others, to determine or warrant that such property or operations are safe or healthful, or are in compliance with any law, rule or regulation.

The company may examine and audit the named insured's books and records at any time during the policy period and extensions thereof and within three years after the final termination of this policy, as far as they relate to the subject matter of this insurance.

3. Financial Responsibility Laws When this policy is certified

as proof of financial responsibility for the future under the provisions of any motor vehicle financial responsibility law, such insurance as is afforded by this policy for bodily injury liability or for property damage liability shall comply with the provisions of such law to the extent of the coverage and limits of liability required by such law. The insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph.

4. Insured's Duties in the Event of Occurrence, Claim or Suit

(a) In the event of an occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable.

(b) If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

(c) The insured shall cooperate with the company and, upon the company's request, assist in making settlements, in the conduct of suits and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the insured because of injury or damage with respect to which insurance is afforded under this policy; and the insured shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of accident.

**5. Action Against Company** No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the **insured's** obligation to pay shall have been finally determined either by judgment against the **insured** after actual trial or by written agreement of the **insured**, the claimant and the company.

Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. No person or organization shall have any right under this policy to join the company as a party to any action against the **insured** to determine the **insured's** liability, nor shall the company be impleaded by the **insured** or his legal representative. Bankruptcy or insolvency of the **insured** or of the **insured's** estate shall not relieve the company of any of its obligations hereunder.

**6. Other Insurance** The insurance afforded by this policy is primary insurance, except when stated to apply in excess of or contingent upon the absence of other insurance. When this insurance is primary and the **insured** has other insurance which is stated to be applicable to the loss on an excess or contingent basis, the amount of the company's liability under this policy shall not be reduced by the existence of such other insurance.

When both this insurance and other insurance apply to the loss on the same basis, whether primary, excess or contingent, the company shall not be liable under this policy for a greater proportion of the loss than that stated in the applicable contribution provision below:

(a) **Contribution by Equal Shares.** If all of such other valid and collectible insurance provides for contribution by equal shares, the company shall not be liable for a greater proportion of such loss than would be payable if each insurer contributes an equal share until the share of each insurer equals the lowest applicable limit of liability under any one policy or the full amount of the loss is paid, and with respect to any amount of loss not so paid the remaining insurers then continue to contribute equal shares of the remaining amount of the loss until each such insurer has paid its limit in full or the full amount of the loss is paid.

(b) **Contribution by Limits.** If any of such other insurance does not provide for contribution by equal shares, the company shall not be liable for a greater proportion of such loss than the applicable limit of liability under this policy for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss.

**7. Subrogation** In the event of any payment under this policy, the company shall be subrogated to all the **insured's** rights of recovery therefor against any person or organization and the **insured** shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The **insured** shall do nothing after loss to prejudice such rights.

**8. Changes** Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy.

**9. Assignment** Assignment of interest under this policy shall not bind the company until its consent is endorsed hereon; if, however, the **named insured** shall die, such insurance as is afforded by this policy shall apply (1) to the **named insured's** legal representative, as the **named insured**, but only while acting within the scope of his duties as such, and (2) with respect to the property of the **named insured**, to the person having proper temporary custody thereof, as **insured**, but only until the appointment and qualification of the legal representative.

**10. Three Year Policy** If this policy is issued for a period of three years any limit of the company's liability stated in this polciy as "aggregate" shall apply separately to each consecutive annual period thereof.

**11. Cancelation** This policy may be canceled by the **named insured** by mailing to the company written notice stating when thereafter the cancelation shall be effective. This policy may be canceled by the company by mailing to the **named insured** at the address shown in this policy, written notice stating when not less than ten days thereafter such cancelation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The effective date and hour of cancelation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the **named insured** or by the company shall be equivalent to mailing.

If the **named insured** cancels, earned premium shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premium shall be computed pro rata. Premium adjustment may be made either at the time cancelation is effected or as soon as practicable after cancelation becomes effective, but payment or tender of unearned premium is not a condition of cancelation.

**12. Declarations** By acceptance of this policy, the **named insured** agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance.

**13. Mutual Policy Conditions. PARTICIPATION CLAUSE WITHOUT CONTINGENT LIABILITY.** No Contingent Liability: This policy is nonassessable. The policyholder is a member of the company and shall participate, to the extent and upon the conditions fixed and determined by the Board of Directors in accordance with the provisions of law, in the distribution of dividends so fixed and determined.

---

IN WITNESS WHEREOF, the EMPLOYERS INSURANCE OF WAUSAU A Mutual Company has caused this policy to be signed by its president and secretary at Wausau, Wisconsin, and countersigned on the declarations page by a duly authorized representative of the company.

Secretary

President

## NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT
(Broad Form)

This endorsement modifies the provisions of the policy relating to **ALL AUTOMOBILE LIABILITY, GENERAL LIABILITY AND MEDICAL PAYMENTS INSURANCE OTHER THAN FAMILY AUTOMOBILE, SPECIAL PACKAGE AUTOMOBILE, COMPREHENSIVE PERSONAL AND FARMER'S COMPREHENSIVE PERSONAL INSURANCE.**

It is agreed that:

I. The policy does not apply:

  A. Under any Liability Coverage, to **bodily injury** or **property damage**

  (1) with respect to which an **insured** under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

  (2) resulting from the **hazardous properties** of **nuclear material** and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the **insured** is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

  B. Under any Medical Payments Coverage, or under any Supplementary Payments provision relating to first aid, to expenses incurred with respect to **bodily injury** resulting from the **hazardous properties** of **nuclear material** and arising out of the operation of a **nuclear facility** by any person or organization.

  C. Under any Liability Coverage, to bodily **injury** or **property damage** resulting from the **hazardous properties** of nuclear **material,** if

  (1) the **nuclear material** (a) is at any **nuclear facility** owned by, or operated by or on behalf of, an **insured** or (b) has been discharged or dispersed therefrom;

  (2) the **nuclear material** is contained in **spent fuel** or **waste** at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an **insured;** or

  (3) the **bodily injury** or **property damage** arises out of the furnishing by an **insured** of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any **nuclear facility,** but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to **property damage** to such **nuclear facility** and any property thereat.

II. As used in this endorsement:

  **"hazardous properties"** include radioactive, toxic or explosive properties;

  **"nuclear material"** means source **material,** special nuclear material or **byproduct material;**

  **"source material", "special nuclear material",** and **"byproduct material"** have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

  **"spent fuel"** means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a **nuclear reactor;**

  **"waste"** means any waste material (1) containing **byproduct material** and (2) resulting from the operation by any person or organization of any **nuclear facility** included within the definition of **nuclear facility** under paragraph (a) or (b) thereof;

  **"nuclear facility"** means

  (a) any **nuclear reactor,**

  (b) any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing **spent fuel,** or (3) handling, processing or packaging **waste,**

  (c) any equipment or device used for the processing, fabricating or alloying of **special nuclear material** if at any time the total amount of such material in the custody of the **insured** at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,

  (d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of **waste,** and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

  **"nuclear reactor"** means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

  **"property damage"** includes all forms of radioactive contamination of property.

**NEW YORK EXCEPTION:** The "Nuclear Energy Liability Exclusion Endorsement (Broad Form)" does not apply to Automobile Liability Insurance in New York.

All other provisions and conditions remain unchanged.
Issued by the Company providing the insurance afforded by this policy as designated on the declarations page made a part hereof.

A0009
G320

**Wausau Insurance Companies**

# I M P O R T A N T !

Do you employ contractors or subcontractors?

Do you hire vehicles with drivers or helpers?

*JAN 3 0 1987*

If so, you may be subject to added insurance costs.

## W h y ?

Workers Compensation laws in most states provide that the general or principal contractor is responsible for payment of compensation benefits to employees of uninsured contractors and subcontractors and to drivers, chauffeurs, and helpers hired with vehicles if the owner of such vehicles has not insured their compensation obligation. When state law makes you responsible for payment of benefits under those circumstances, your Workers Compensation carrier must charge you for the added exposure.

## A V O I D these costs . . . . .

Obtain certificates of insurance from all contractors, subcontractors and owners of hired vehicles and keep them with your payroll records for review by our auditor.

We appreciate the opportunity to serve you and hope you will find this information useful. If you have questions about this or any other insurance matter, please contact your Wausau Insurance Companies representative.

ST1003
(7-86)

## CALIFORNIA GUARANTEE ASSOCIATION SURCHARGE

We would like to provide you with an explanation of the "insolvency" surcharge included on the **ENCLOSED INVOICE:**

Occasionally a property and liability insurance company becomes insolvent. When this happens, that company's policyholders can be left without coverage, and persons with claims against those policyholders can find themselves without a viable source of possible compensation.

For the protection of the public in such situations, the insurance industry has cooperated with the California Insurance Department to create a "guaranty" fund. In the recent failure of some California companies, this fund was used for claims totaling more than $30 million for California businesses.

To finance this fund, the California Legislature passed a law which requires a special surcharge on all new and renewed property and liability insurance policies sold with California exposure beginning January 1, 1986.

The surcharge for 1986 is $1.20 per $1,000 of premium (0.12% of premium) on auto insurance policies, $1.57 per $1,000 of premium (0.157% of premium) on workers compensation policies, and $7.29 per $1,000 of premium (0.729% of premium) on other coverages such as commercial property policies. These surcharge percentages may change each year and will end when claims against insolvent insurers are paid.

The insurance industry in California does not underestimate the significance of any cost increase. However, California insurers agree with the Legislature and the Department of Insurance that the surcharge is a fair and open way of assuring California policyholders of protection against insurance company insolvencies.

ST9000
(4-86)

 **Wausau Insurance Companies**

## EMPLOYERS INSURANCE OF WAUSAU A Mutual Company
### Employers Life Insurance Company of Wausau
### Illinois Employers Insurance of Wausau
### Wausau Underwriters Insurance Company
### Worldwide Underwriters Insurance Company

## NOTICE TO POLICYHOLDERS

To assist in the communication of suggestions, complaints, or comments, Illinois Insurance Code, Section 143C, House Bill 1472 requires that policyholders know the addresses of our customer service department and the consumer division of the department of insurance. These addresses are:

Wausau Insurance Companies
Customer Service Department
7411 Lake street
River Forest, Illinois 60305

Department of Insurance, State of Illinois
Consumer Division, 320 West Washington, 4th Floor
Springfield, Illinois 62767
(217) 782-7446

EN9001
(9-85)

80-158

# EXHIBIT B

**Resolute** Management Inc.

**Tracey H. White**                                    **100 Liberty Way**
**Account Manager**                                  **Dover, New Hampshire 03820**
Direct #: (603) 970-7025
E-mail: twhite@resolutemgmt.com

July 20, 2016

Edward J. Canning
Director
Environment, Health & Safety
Saint-Gobain Performance Plastics
One Sealants Park
Granville, NY 12832

Re:
Putative insured:            Saint-Gobain Performance Plastics Corporation as successor to
                             CHEMFAB / Chemical Fabrics Corporation
Claimant:                    James Sullivan, et al.
Claim No.:                   P21D-433710-01
Underwriting Company:        Employers Insurance of Wausau, A Mutual Company
Case Name:                   *James Sullivan, et al. v. Saint-Gobain Performance Plastics Corporation*
Court:                       United States District Court, District of Vermont
Docket No.:                  5:16-CV-125

Dear Mr. Canning,

This letter responds to correspondence dated June 21, 2016 from James Dorion on behalf of Saint-Gobain Performance Plastic Corporation as successor to CHEMFAB / Chemical Fabrics Corporation ("Saint-Gobain") concerning the above-referenced lawsuit, which appears to have been filed on or about May 6, 2016 and in which Saint-Gobain has been named as a defendant.

As a result of an agreement entered into between Liberty Mutual Insurance and National Indemnity Company, Wausau has appointed Resolute Management Inc. as its agent to handle and resolve certain environmental claims, including this claim. Please be advised that, as set forth below, Employers of Wausau A Mutual Company n/k/a Employers Insurance Company of Wausau ("Wausau") will participate in the defense of Saint-Gobain in this lawsuit, subject to a reservation of rights.

THE CLASS ACTION COMPLAINT

Attached to the above-referenced correspondence was a copy of the Class Action Complaint ("complaint") filed in this lawsuit. In general, it identifies James D. Sullivan as a representative of a class of plaintiffs and Saint-Gobain as the defendant.

The complaint states in part:

2 | P a g e

This is a Class action on behalf of Plaintiffs and Class of people similarly situated who have been damaged and continue to be damaged by the wrongful conduct of Defendant Saint-Gobain Performance Plastics arising out of Defendant's use, handling, discharge and disposal of perflourooctanoic acid ("PFOA"), a toxic, perfluorinated chemical, in North Bennington and Bennington, Vermont, which has resulted in the severe contamination of the local groundwater aquifer, soils, and numerous private drinking water supply wells with PFOA in and around Bennington and North Bennington.

With respect to Saint-Gobain, the complaint alleges, among other things:

The DEC has identified the former Saint-Gobain manufacturing facility located at 1030 Water Street in North Bennington (the "Saint-Gobain Plant" or "the Plant") as a probable source of the PFOA contamination in the local groundwater aquifer and numerous private drinking water supply wells in and around North Bennington.

The Saint-Gobain Plant was operated by Defendant Saint-Gobain and its predecessor ChemFab Corporation from approximately 1977 through 2002, and was engaged in the manufacture of polytetrafluoroethylene (more commonly known as Teflon) coated woven fiberglass fabrics. Defendant Saint-Gobain and its predecessor utilized perfluorinated chemical solutions containing PFOA in the manufacturing operations at the Saint-Gobain Plant.

As against Saint-Gobain, the complaint sets forth what are, by their titles, counts or causes of action for Negligence, Private Nuisance, Trespass, Battery, and Strict Liability.

On behalf of the plaintiffs, the complaint seeks the an award against the Defendant for compensatory damages, including real property damage, out of pocket expense, personal property damage, loss of use and enjoyment of property, diminution in property value, long-term medical monitoring, annoyance, upset, aggravation and inconvenience; injunctive relief; attorney fees, costs and expenses incurred in connection with this litigation and such other and further relief as the Court may deem just, proper, and equitable.

Additionally, Mr. Dorion's email provided the following information regarding the relationship between Saint-Gobain and CHEMFAB / Chemical Fabrics Corporation:

CHEMFAB / Chemical Fabrics Corporation, a major supplier of high-performance plastics, was acquired by Saint-Gobain in 2000. As a result of that transaction Saint-Gobain is seeking coverage under any potentially responsive policies issued to CHEMFAB / Chemical Fabrics Corporation by the companies you represent…

THE POLICY

For the period from December 1, 1986 to December 1, 1987, Wausau issued to Chemical Fabrics Corporation a Combination Casualty ("Combination") policy including a Comprehensive General Liability ("CGL") coverage part.

The Combination policy includes the following provisions:

COVERAGES

I      COVERAGE A – BODILY INJURY LIABILITY
       COVERAGE B – PROPERTY DAMAGE LIABILITY

The company will pay on behalf of the **insured** all sums which the **insured** shall become legally obligated to pay as damages because of

Coverage A. **bodily injury or**
Coverage B. **property damage**

to which this insurance applies, caused by an **occurrence**, and the company shall have the right and duty to defend any suit against the **insured** seeking damages on account of such **bodily injury** or **property damage**, even if any of the allegations of the suit are groundless, false or fraudulent and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

Exclusions
…

(k)    to **property damage** to
       (1) property owned or occupied by or rented to the **insured,**
       (2) property used by the **insured**
       (3) property in the care, custody or control of the **insured** or as to which the **insured** is for any purpose exercising physical control;…

DEFINITIONS

When used in this policy (including endorsement forming a part hereof):
…
**"bodily injury"** means bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom;
…
**"insured"** means any person or organization qualifying as an insured in the "Persons Insured" provision of the applicable insurance coverage. The insurance afforded applies separately to each insured against whom claim is made or suit is brought except with respect to the limits of the company's liability;
…
**"occurrence"** means an accident, including continuous or repeated exposure to conditions, which results in **bodily injury** or **property damage** neither expected nor intended from the standpoint of the **insured**;
…
**"property damage"** means (1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an **occurrence** during the policy period;

…

4 | P a g e

The policy includes the following endorsement in pertinent part:

AMENDMENT – LIMITS OF LIABILITY
(Single Limit)
(Individual Coverage Aggregate Limit)

It is agreed that the provisions of the policy captioned "LIMITS OF LIABILITY" relating to Bodily Injury Liability and Property Damage liability are amended to read as follows:

| Coverage | Limits of Liability | |
|---|---|---|
| Bodily Injury Liability | $1,000,000 | each occurrence |
| Property Damage Liability | $1,000,000 | aggregate |

LIMITS OF LIABILITY

Regardless of the number of (1) insured under this policy, (2) persons or organizations who sustain bodily injury or property damage, or (3) claims made or suits brought on the account of bodily injury or property damage, the company's liability is limited as follows:

(a)   The limit of liability stated in the Schedule of this endorsement as applicable to "each occurrence" is the total limit of the company's liability for all damages including damages for care and loss of services because of bodily injury and property damage sustained by one or more persons or organizations as a result of any one occurrence…

(b)   Subject to the above provision respecting "each occurrence", the total liability of the company for all damages because of all bodily injury and property damage which occurs during each annual period while this policy is in force commencing from its effective date…shall not exceed the limit of liability stated in the Schedule of this endorsement as "aggregate"…

(c)   For the purpose of determining the limit of the company's liability, all bodily injury and property damage arising out of continuous or repeated exposure to substantially the same general condition shall be considered as arising out of one occurrence.

…

The following endorsement is made part of the policy:

POLLUTION EXCLUSION

It is agreed that the exclusion relating to the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials, or other irritants, contaminants or pollutants is replaced by the following:

5 | P a g e

(1)    to **bodily injury** or **property damage** arising out of the actual, alleged or threatened discharge, dispersal, release or escape of pollutants:

    (a)    at or from premises owned, rented or occupied by the named insured;

    (b)    at or from any site or location used by or for the named insured or others for the handling, storage, disposal, processing or treatment of waste;

    (c)    at or from any site or location on which the named insured or any contractors or subcontractors working directly or indirectly on behalf of the named insured are performing operations:

        (i)    if the pollutants are brought on or to the site or location in connection with such operations; or

        (ii)    if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize the pollutants.

(2)    to any loss, cost or expense arising out of any governmental direction or request that the named insured test for, monitor, clean up, remove, contain, treat, detoxify or neutralize pollutants.

Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned, or reclaimed.

Subparagraphs (a) and (d) (i) of paragraph (1) of this exclusion do not apply to **bodily injury** or **property damage** caused by heat, smoke or fumes from a hostile fire. AS used in this exclusion, a hostile fire means one which becomes uncontrollable or breaks out from where it was intended to be.

...

The policy contains the following endorsement:

BROAD FORM COMPREHENSIVE GENERAL LIABILITY ENDORSEMENT

...

II.    PERSONAL INJURY AND ADVERTISING INJURY LIABILITY COVERAGE

(A)    The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of personal injury or advertising injury to which this insurance applies, sustained by any person or organization and arising out of the conduct of the named insured's business, within the policy territory, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such injury, even

if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

...

(C)    Limits of Liability

Regardless of the number of (1) insureds hereunder, (2) persons or organizations who sustain injury or damage, or (3) claims made or suits brought on account of personal injury or advertising injury the total limit of the company's liability under this coverage for all damages shall not exceed the limit of liability stated in the endorsement as "aggregate".

(D)    Additional Definitions

"Personal Injury" means injury arising out of one or more of the following offenses committed during the policy period:
...
2.    wrongful entry or eviction or other invasion of the right of private occupancy;

...

As it contains other provisions as well, we suggest that you read the policy in its entirety.

<u>APPLICATION OF POLICY</u>

We request that you please provide the relevant corporate documentation to support the relationship between Saint-Gobain and CHEMFAB / Chemical Fabrics Corporation.

The complaint includes an allegation that the insured released various chemicals in the course of its business operations. The policy provide no coverage to the extent that the claim against the insured falls within the scope of the Pollution Exclusion and does not also fall within the exception contained in that exclusion.

The complaint includes a claim for relief in the form of medical monitoring. The policy provides no coverage for such a claim to the extent that it does not allege harm constituting "bodily injury" as that term is defined by the policy.

Please be advised that, subject to the foregoing, Wausau will participate in the defense of Saint-Gobain in this lawsuit, subject to a reservation of rights, by paying its proportionate share of reasonable and necessary defense costs in conjunction with any other insurers and, to the extent permitted by law, Saint-Gobain itself, incurred on or after June 21, 2016, the date on which Saint-Gobain provided notice of this lawsuit to Wausau.

Please be further advised that Wausau's participation in the defense of Saint-Gobain in this lawsuit is subject to a reservation of its right to deny coverage (including any obligation to indemnify Saint-Gobain for any settlement or judgment paid or incurred by it as a result of this lawsuit), as well as Wausau's right to contest the existence of coverage in a declaratory judgment action. Among other things, Wausau reserves the right to withdraw from participation in the defense of Saint-Gobain in the event it is determined that Wausau has no obligation to defend [short-form insured name] in this lawsuit.

To the extent permitted by law, Wausau also reserves the right to obtain reimbursement of defense costs in the event that it is determined that it had no obligation to participate in the defense of Saint-Gobain in this lawsuit, and/or as to any and all claims against Saint-Gobain that are not potentially covered under the Wausau policy.

If Saint-Gobain has not done so already, we also request that it immediately provide notice of this lawsuit to every insurer whose coverage is potentially implicated. With respect to each such insurer, please provide us with its name, the name, address and telephone number of a contact person, and the policy periods and limits of liability of all policies it issued. We also request that you provide us with copies of your letters notifying each such insurer of this lawsuit, and of any and all written responses.

While Wausau's position is subject to a reservation of its rights under all policy provisions (including conditions and exclusions) as well as applicable law, your attention is specifically drawn to the following which, in addition to the policy provisions discussed above, may operate to limit and/or bar coverage for claims asserted against Saint-Gobain in this lawsuit:

- To the extent that the relief sought by the plaintiff(s) is equitable in nature or otherwise does not constitute "damages" within the meaning of the Wausau policy, there is no coverage thereunder;

- There is no coverage under the Wausau policy for costs incurred solely to comply with statutes and regulations governing the insured's business operations;

- To the extent that the harm alleged by the plaintiffs does not constitute "bodily injury," "personal injury" and/or "property damage" as those terms are defined in the Wausau policy, there is no coverage thereunder;

- There is no coverage under the Wausau policy for bodily injury, personal injury and/or property damage which was not caused by an "occurrence" as that term is defined therein and/or "accident" within the meaning thereof;

- There is no coverage under the Wausau policy for bodily injury, personal injury and/or property damage which did not occur during the policy period thereof as required by such policy;

- There is no coverage under the Wausau policy for bodily injury, personal injury and/or property damage which was expected or intended from the standpoint of the insured within the meaning of such policy;

8 | P a g e

- There is no coverage under the Wausau policy for costs and expenses or other obligations assumed by any insured without notice to and the consent of Wausau;

- There is no coverage under the Wausau policy for losses which were known or should have been known to an insured prior to any policy period thereof;

- To the extent precluded by the terms of the Wausau policy and/or public policy, there is no coverage for any punitive, exemplary or like damages that may be assessed against any insured; and

- To the extent that coverage might otherwise exist, Wausau's obligations under its policy are limited by the "other insurance" condition, any deductible, any per occurrence, per person, or aggregate limits of liability therein, and any policy provisions precluding the stacking or accumulation of the limits of liability of multiple policies.

While we have sought to identify and address above all relevant insurance coverage considerations, the foregoing specificity is not intended and should not be construed as a waiver of any right or basis which Wausau may have to disclaim coverage, and Wausau reserves all rights in this regard.

If you have any additional information you would like us to consider concerning this lawsuit, please forward it to us. Should you have any questions or comments concerning this letter, please feel free to contact me at 603-970-7025 or twhite@resolutemgmt.com.

Sincerely,

**Tracey H. White**

Digitally signed by Tracey H. White
DN: cn=Tracey H. White, o=Resolute
Management Inc., ou,
email=twhite@resolutemgmt.com, c=US
Date: 2016.07.21 10:26:05 -04'00'

Tracey H. White
Account Manager

CC:    James Dorion
       Chief Claim Officer
       MARSH
       540 W Madison, Ste. 1200
       Chicago, IL 60661
       VIA email: james.f.dorion@marsh.com

# EXHIBIT C

**Resolute** Management Inc.

**Tracey H. White**
**Account Manager**
Direct #: (603) 970-7025
E-mail: twhite@resolutemgmt.com

100 Liberty Way
Dover, New Hampshire 03820

July 20, 2016

Edward J. Canning
Director
Environment, Health & Safety
Saint-Gobain Performance Plastics
One Sealants Park
Granville, NY 12832

Re:
Putative insured:        Saint-Gobain Performance Plastics Corporation as successor to
                         CHEMFAB / Chemical Fabrics Corporation
Claimant:                Kevin Brown
Claim No.:               P21D-433690-01
Underwriting Company:    Employers Insurance of Wausau, A Mutual Company
Case Name:               *Kevin Brown v. Saint-Gobain Performance Plastics Corporation, et al.*
Court:                   Hillsborough County Superior Court
Docket No.:              226, 2016-CV-00253

Dear Mr. Canning,

This letter responds to correspondence from James Dorion at MARSH, dated June 21, 2016 on
behalf of Saint-Gobain Performance Plastic Corporation as successor to CHEMFAB / Chemical
Fabrics Corporation ("Saint-Gobain") concerning the above-referenced lawsuit, which appears to
have been filed on or about June 6, 2016 and in which Saint-Gobain has been named as a defendant.

As a result of an agreement entered into between Liberty Mutual Insurance and National Indemnity
Company, Wausau has appointed Resolute Management Inc. as its agent to handle and resolve
certain environmental claims, including this claim.  Please be advised that, as set forth below,
Employers of Wausau A Mutual Company n/k/a Employers Insurance Company of Wausau
("Wausau") will participate in the defense of Saint-Gobain in this lawsuit, subject to a reservation of
rights.

THE FIRST AMENDED CLASS ACTION COMPLAINT

Attached to the above-referenced correspondence was a copy of the First Amended Class Action
Complaint ("complaint") filed in this lawsuit.  In general, it identifies Kevin Brown a representative
of a class of plaintiffs and Saint Gobain as one of the defendants.

2 | P a g e

With respect to the plaintiffs, the complaint alleges, among other things, that they are all persons who reside on residential properties with private groundwater wells within two miles of the property boundary of the Saint-Gobain Site and that the chemicals and/or their byproducts used at the Saint-Gobain Site were released, came in contact with soil and groundwater underlying the Site and dissolved into the groundwater system and that the chemicals have migrated from the Saint-Gobain Site onto the properties owned by the Plaintiffs and the Class Members.

With respect to Saint-Gobain, the complaint alleges, among other things, that it is the owner and operator of the Plant at the Saint-Gobain Site (701 Daniel Webster Highway, Merrimack, New Hampshire) from at least 2003 and that Saint-Gobain and their predecessors in interest, ChemFab, used chemicals containing Polytetrafluoroethylene (PTFE) and Perfluorooctanoic acid (PFOA) in various manufacturing processes at the Plant. The complaint alleges that throughout the course of their operation, Saint-Gobain and ChemFab released PFOA into the environment and that such releases have spread to the water used for the drinking water supply for the Class members.

As against Saint-Gobain, the complaint sets forth what are, by their titles, counts or causes of action for Trespass, Nuisance, Negligence, Absolute or Strict Liability, Respondeat Superior and Exemplary Damages.

On behalf of the plaintiffs, the complaint seeks judgment against Defendants for compensatory damages for the cost of medical monitoring on all counts; an award of exemplary damages, statutory interest, costs and attorney fees; and such other and further relief as may be just.

Additionally, Mr. Dorion's email provided the following information regarding the relationship between Saint-Gobain and CHEMFAB / Chemical Fabrics Corporation:

> CHEMFAB / Chemical Fabrics Corporation, a major supplier of high-performance plastics, was acquired by Saint-Gobain in 2000. As a result of that transaction Saint-Gobain is seeking coverage under any potentially responsive policies issued to CHEMFAB / Chemical Fabrics Corporation by the companies you represent…

THE POLICY

For the period from December 1, 1986 to December 1, 1987, Wausau issued to Chemical Fabrics Corporation a Combination Casualty ("Combination") policy including a Comprehensive General Liability ("CGL")] coverage part.

The Combination policy includes the following provisions:

COVERAGES

I    COVERAGE A – BODILY INJURY LIABILITY
     COVERAGE B – PROPERTY DAMAGE LIABILITY

     The company will pay on behalf of the **insured** all sums which the **insured** shall become legally obligated to pay as damages because of
          Coverage A. **bodily injury or**

Coverage B. **property damage**

to which this insurance applies, caused by an **occurrence**, and the company shall have the right and duty to defend any suit against the **insured** seeking damages on account of such **bodily injury** or **property damage**, even if any of the allegations of the suit are groundless, false or fraudulent and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

Exclusions
…
(k)   to **property damage** to
   (1)  property owned or occupied by or rented to the **insured,**
   (2)  property used by the **insured**
   (3)  property in the care, custody or control of the **insured** or as to which the **insured** is for any purpose exercising physical control;…

## DEFINITIONS

When used in this policy (including endorsement forming a part hereof):
…
**"bodily injury"** means bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom;
…
**"insured"** means any person or organization qualifying as an insured in the "Persons Insured" provision of the applicable insurance coverage.  The insurance afforded applies separately to each insured against whom claim is made or suit is brought except with respect to the limits of the company's liability;
…
**"occurrence"** means an accident, including continuous or repeated exposure to conditions, which results in **bodily injury** or **property damage** neither expected nor intended from the standpoint of the **insured;**
…
**"property damage"** means (1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an **occurrence** during the policy period;

…

The policy includes the following endorsement in pertinent part:

AMENDMENT – LIMITS OF LIABILITY
(Single Limit)
(Individual Coverage Aggregate Limit)

It is agreed that the provisions of the policy captioned "LIMITS OF LIABILITY" relating to Bodily Injury Liability and Property Damage liability are amended to read as follows:

| Coverage | Limits of Liability | |
|---|---|---|
| Bodily Injury Liability | $1,000,000 | each occurrence |
| Property Damage Liability | $1,000,000 | aggregate |

LIMITS OF LIABILITY

Regardless of the number of (1) insured under this policy, (2) persons or organizations who sustain bodily injury or property damage, or (3) claims made or suits brought on the account of bodily injury or property damage, the company's liability is limited as follows:

(a)     The limit of liability stated in the Schedule of this endorsement as applicable to "each occurrence" is the total limit of the company's liability for all damages including damages for care and loss of services because of bodily injury and property damage sustained by one or more persons or organizations as a result of any one occurrence…

(b)     Subject to the above provision respecting "each occurrence", the total liability of the company for all damages because of all bodily injury and property damage which occurs during each annual period while this policy is in force commencing from its effective date…shall not exceed the limit of liability stated in the Schedule of this endorsement as "aggregate"…

(c)     For the purpose of determining the limit of the company's liability, all bodily injury and property damage arising out of continuous or repeated exposure to substantially the same general condition shall be considered as arising out of one occurrence.

…

The following endorsement is made part of the policy:

POLLUTION EXCLUSION

It is agreed that the exclusion relating to the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials, or other irritants, contaminants or pollutants is replaced by the following:

(1)     to **bodily injury** or **property damage** arising out of the actual, alleged or threatened discharge, dispersal, release or escape of pollutants:

(a)     at or from premises owned, rented or occupied by the named insured;

(b)     at or from any site or location used by or for the named insured or others for the handling, storage, disposal, processing or treatment of waste;

    (c)    at or from any site or location on which the named insured or any contractors or subcontractors working directly or indirectly on behalf of the named insured are performing operations:

        (i)    if the pollutants are brought on or to the site or location in connection with such operations; or

        (ii)    if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize the pollutants.

    (2)    to any loss, cost or expense arising out of any governmental direction or request that the named insured test for, monitor, clean up, remove, contain, treat, detoxify or neutralize pollutants.

Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned, or reclaimed.

Subparagraphs (a) and (d) (i) of paragraph (1) of this exclusion do not apply to **bodily injury** or **property damage** caused by heat, smoke or fumes from a hostile fire. AS used in this exclusion, a hostile fire means one which becomes uncontrollable or breaks out from where it was intended to be.

    …

The policy contains the following endorsement:

### BROAD FORM COMPREHENSIVE GENERAL LIABILITY ENDORSEMENT

    …

II.    PERSONAL INJURY AND ADVERTISING INJURY LIABILITY COVERAGE

    (A)    The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of personal injury or advertising injury to which this insurance applies, sustained by any person or organization and arising out of the conduct of the named insured's business, within the policy territory, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such injury, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

    …

    (C)    Limits of Liability

6 | P a g e

> Regardless of the number of (1) insureds hereunder, (2) persons or organizations who sustain injury or damage, or (3) claims made or suits brought on account of personal injury or advertising injury the total limit of the company's liability under this coverage for all damages shall not exceed the limit of liability stated in the endorsement as "aggregate".
>
> (D)   Additional Definitions
>
> "Personal Injury" means injury arising out of one or more of the following offenses committed during the policy period:
> …
> 2.     wrongful entry or eviction or other invasion of the right of private occupancy;
>
> …

As it contains other provisions as well, we suggest that you read the policy in its entirety.

<u>APPLICATION OF POLICY</u>

We request that you please provide the relevant corporate documentation to support the relationship between CHEMFAB / Chemical Fabrics Corporation and Saint-Gobain.

The complaint includes an allegation that the insured released various chemicals in the course of its business operations. The policy provide no coverage to the extent that the claim against the insured falls within the scope of the Pollution Exclusion and does not also fall within the exception contained in that exclusion.

The complaint includes a claim for relief in the form of medical monitoring. The policy provides no coverage for such a claim to the extent that it does not allege harm constituting "bodily injury" as that term is defined by the policy.

Please be advised that, subject to the foregoing, Wausau will participate in the defense of Saint-Gobain in this lawsuit, subject to a reservation of rights, by paying its proportionate share of reasonable and necessary defense costs in conjunction with any other insurers and, to the extent permitted by law, Saint-Gobain itself, incurred on or after June 21, 2016, the date on which Saint-Gobain provided notice of this lawsuit to Wausau.

Please be further advised that Wausau's participation in the defense of Saint-Gobain in this lawsuit is subject to a reservation of its right to deny coverage (including any obligation to indemnify Saint-Gobain for any settlement or judgment paid or incurred by it as a result of this lawsuit), as well as Wausau's right to contest the existence of coverage in a declaratory judgment action. Among other things, Wausau reserves the right to withdraw from participation in the defense of Saint-Gobain in the event it is determined that Wausau has no obligation to defend [short-form insured name] in this lawsuit.

To the extent permitted by law, Wausau also reserves the right to obtain reimbursement of defense costs in the event that it is determined that it had no obligation to participate in the defense of Saint-

Gobain in this lawsuit, and/or as to any and all claims against Saint-Gobain that are not potentially covered under the Wausau policy.

If Saint-Gobain has not done so already, we also request that it immediately provide notice of this lawsuit to every insurer whose coverage is potentially implicated. With respect to each such insurer, please provide us with its name, the name, address and telephone number of a contact person, and the policy periods and limits of liability of all policies it issued. We also request that you provide us with copies of your letters notifying each such insurer of this lawsuit, and of any and all written responses.

While Wausau's position is subject to a reservation of its rights under all policy provisions (including conditions and exclusions) as well as applicable law, your attention is specifically drawn to the following which, in addition to the policy provisions discussed above, may operate to limit and/or bar coverage for claims asserted against Saint-Gobain in this lawsuit:

- To the extent that the relief sought by the plaintiff(s) is equitable in nature or otherwise does not constitute "damages" within the meaning of the Wausau policy, there is no coverage thereunder;

- There is no coverage under the Wausau policy for costs incurred solely to comply with statutes and regulations governing the insured's business operations;

- To the extent that the harm alleged by the plaintiffs does not constitute "bodily injury," "personal injury" and/or "property damage" as those terms are defined in the Wausau policy, there is no coverage thereunder;

- There is no coverage under the Wausau policy for bodily injury, personal injury and/or property damage which was not caused by an "occurrence" as that term is defined therein and/or "accident" within the meaning thereof;

- There is no coverage under the Wausau policy for bodily injury, personal injury and/or property damage which did not occur during the policy period thereof as required by such policy;

- There is no coverage under the Wausau policy for bodily injury, personal injury and/or property damage which was expected or intended from the standpoint of the insured within the meaning of such policy;

- There is no coverage under the Wausau policy for costs and expenses or other obligations assumed by any insured without notice to and the consent of Wausau;

- There is no coverage under the Wausau policy for losses which were known or should have been known to an insured prior to any policy period thereof;

- To the extent precluded by the terms of the Wausau policy and/or public policy, there is no coverage for any punitive, exemplary or like damages that may be assessed against any insured; and

- To the extent that coverage might otherwise exist, Wausau's obligations under its policy are limited by the "other insurance" condition, any deductible, any per occurrence, per person, or aggregate limits of liability therein, and any policy provisions precluding the stacking or accumulation of the limits of liability of multiple policies.

While we have sought to identify and address above all relevant insurance coverage considerations, the foregoing specificity is not intended and should not be construed as a waiver of any right or basis which Wausau may have to disclaim coverage, and Wausau reserves all rights in this regard.

If you have any additional information you would like us to consider concerning this lawsuit, please forward it to us. Should you have any questions or comments concerning this letter, please feel free to contact me at 603-970-7025 or twhite@resolutemgmt.com.

Sincerely,

**Tracey H. White**

Digitally signed by Tracey H. White
DN: cn=Tracey H. White,
o=Resolute Management Inc., ou,
email=twhite@resolutemgmt.com,
c=US
Date: 2016.07.20 13:32:21 -04'00'

Tracey H. White
Account Manager

Cc:

James Dorion
Chief Claim Officer
MARSH
540 W Madison, Ste. 1200
Chicago, IL 60661
VIA email: james.f.dorion@marsh.com

# EXHIBIT D

**Resolute** Management Inc.

**Tracey H. White**
**Account Manager**
Direct #: (603) 970-7025
E-mail: twhite@resolutemgmt.com

**100 Liberty Way**
**Dover, New Hampshire 03820**

December 6, 2016

VIA EMAIL

Sheri G. Brutsch
Insurance & Litigation Counsel
Saint-Gobain
20 Moores Road
Malvern, PA 19355

Re:

| | |
|---|---|
| Putative insured: | Saint-Gobain Performance Plastics Corporation as successor to CHEMFAB / Chemical Fabrics Corporation |
| Claimant (s): | Darlene E. DeBlois Living Trust, Darlene DeBlois and David True |
| Claim No.: | P21D-444762-01 |
| Underwriting Company: | Employers Insurance of Wausau, A Mutual Company |
| Case Name: | *Darlene E. Deblois Living Trust, et al. v. Saint-Gobain Performance Plastics Corporation* |
| Court: | United States District Court, District of New Hampshire |
| Docket No.: | 1:16-cv-00467 |

Dear Ms. Brutsch,

This letter responds to your correspondence dated November 1, 2016 on behalf of Saint-Gobain Performance Plastic Corporation as successor to CHEMFAB / Chemical Fabrics Corporation ("Saint-Gobain") concerning the above-referenced lawsuit, which appears to have been filed on or about October 20, 2016 and in which Saint-Gobain has been named as a defendant.

As a result of an agreement entered into between Liberty Mutual Insurance and National Indemnity Company, Wausau has appointed Resolute Management Inc. as its agent to handle and resolve certain environmental claims, including this claim. Please be advised that, as set forth below, Employers of Wausau A Mutual Company n/k/a Employers Insurance Company of Wausau ("Wausau") will participate in the defense of Saint-Gobain in this lawsuit, subject to a reservation of rights.

THE COMPLAINT

2 | P a g e

Attached to the above-referenced correspondence was a copy of the complaint filed in this lawsuit. In general, it identifies Darlene E. DeBlois Living Trust (the "Trust") and Darlene DeBlois and Dave True as the Plaintiffs and Saint-Gobain as the defendant.

With respect to the plaintiffs, the complaint alleges, among other things, that the Trust is the owner of the property at 540 Charles Bancroft Highway, Litchfield, NH 03052 (the "Property"), that Plaintiffs Darlene DeBlois and David True, are residents of the Property and that the Property consists of a 40 acre farm located directly across from defendant's manufacturing facility separated by the Merrimack River.

With respect to Saint-Gobain, the complaint alleges, among other things, that it is the owner and operator of the Plant at the Saint-Gobain Site (701 Daniel Webster Highway, Merrimack, New Hampshire) from at least 2003 and that Saint-Gobain and their predecessors in interest, ChemFab, used chemicals containing Polytetrafluoroethylene (PTFE) and Perfluorooctanoic acid (PFOA) in various manufacturing processes at the Plant. The complaint alleges that "emissions from the plant, mostly by air, contain various forms of perfluoronated compounds" and that "[t]hese emissions have contaminated the plaintiffs' property and persons.

The complaint further alleges:

> On or about March 9, 2016, the plaintiffs' private drinking water wells were tested which showed levels of PFOA at 350 parts per trillion (ppt) and 190 ppt along with numerous other perfluorinated compounds. Plaintiffs were informed by the State of New Hampshire not to drink their water. The State of New Hampshire in March of 2016 dropped off a case of water for the plaintiffs to drink. Plaintiffs had great difficulty providing water to their 18 horses. Subsequently, the plaintiffs contacted the defendant who voluntarily installed a point of entry water filtration system for both their drinking water supply at their home and drinking water supply for the horses at their barn.

As against Saint-Gobain, the complaint sets forth what are, by their titles, counts or causes of action for Negligence, Private Nuisance, Trespass, Battery and Strict Liability.

On behalf of the plaintiffs, the complaint seeks judgment against the Defendant as follows:

> a. Award plaintiffs damages in an amount greater than $1million (one million dollars) sufficient to compensate them for real property damage, out-of-pocket expenses (including but not limited to paying for water if a new water line is installed), personal property damage, loss of use and enjoyment of property, diminution in property value, necessity for long-term medical monitoring, annoyance, upset, aggravation and inconvenience;

> b. Issue an injunction requiring the defendant to: 1) connect the plaintiffs' water supply into municipal water; 2) the establishment and implementation of remedial measures sufficient to permanently prevent PFOA's from further contaminating plaintiffs' drinking water supplies and/or property; 3) the establishment and implementation of long-term medical testing protocol for plaintiffs to monitor their health and diagnose at an early stage any ailments associated with exposure, inhalation or ingestion of PFOA's; and 4) the establishment of

3 | P a g e

additional steps to be proven at trial, that are determined necessary to remediate plaintiffs' property to eliminate the presence of PFOA and other perfluorinated compounds;

c.  Award attorney's fees and costs and expenses incurred in connection with the litigation in this matter; and

d.  Award such other and further relief as this Honorable Court may deem just, proper, and equitable.

<u>THE POLICY</u>

For the period from December 1, 1986 to December 1, 1987, Wausau issued to Chemical Fabrics Corporation a Combination Casualty ("Combination") policy including a Comprehensive General Liability ("CGL")] coverage part.

The Combination policy includes the following provisions:

COVERAGES

I       COVERAGE A – BODILY INJURY LIABILITY
        COVERAGE B – PROPERTY DAMAGE LIABILITY

The company will pay on behalf of the **insured** all sums which the **insured** shall become legally obligated to pay as damages because of
        Coverage A. **bodily injury or**
        Coverage B. **property damage**
to which this insurance applies, caused by an **occurrence**, and the company shall have the right and duty to defend any suit against the **insured** seeking damages on account of such **bodily injury** or **property damage**, even if any of the allegations of the suit are groundless, false or fraudulent and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.


Exclusions
...
(k)     to **property damage** to
        (1)  property owned or occupied by or rented to the **insured,**
        (2)  property used by the **insured**
        (3)  property in the care, custody or control of the **insured** or as to which the
             **insured** is for any purpose exercising physical control;...

DEFINITIONS

When used in this policy (including endorsement forming a part hereof):
...

"**bodily injury**" means bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom;

…

"**insured**" means any person or organization qualifying as an insured in the "Persons Insured" provision of the applicable insurance coverage. The insurance afforded applies separately to each insured against whom claim is made or suit is brought except with respect to the limits of the company's liability;

…

"**occurrence**" means an accident, including continuous or repeated exposure to conditions, which results in **bodily injury** or **property damage** neither expected nor intended from the standpoint of the **insured**;

…

"**property damage**" means (1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an **occurrence** during the policy period;

…

The policy includes the following endorsement in pertinent part:

AMENDMENT – LIMITS OF LIABILITY

(Single Limit)

(Individual Coverage Aggregate Limit)

It is agreed that the provisions of the policy captioned "LIMITS OF LIABILITY" relating to Bodily Injury Liability and Property Damage liability are amended to read as follows:

| Coverage | Limits of Liability | |
|---|---|---|
| Bodily Injury Liability | $1,000,000 | each occurrence |
| Property Damage Liability | $1,000,000 | aggregate |

LIMITS OF LIABILITY

Regardless of the number of (1) insured under this policy, (2) persons or organizations who sustain bodily injury or property damage, or (3) claims made or suits brought on the account of bodily injury or property damage, the company's liability is limited as follows:

(a)  The limit of liability stated in the Schedule of this endorsement as applicable to "each occurrence" is the total limit of the company's liability for all damages including damages for care and loss of services because of bodily injury and property damage sustained by one or more persons or organizations as a result of any one occurrence…

(b)  Subject to the above provision respecting "each occurrence", the total liability of the company for all damages because of all bodily injury and property damage which occurs during each annual period while this policy is in force commencing from its

effective date...shall not exceed the limit of liability stated in the Schedule of this endorsement as "aggregate"...

(c)    For the purpose of determining the limit of the company's liability, all bodily injury and property damage arising out of continuous or repeated exposure to substantially the same general condition shall be considered as arising out of one occurrence.

...

The following endorsement is made part of the policy:

## POLLUTION EXCLUSION

It is agreed that the exclusion relating to the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials, or other irritants, contaminants or pollutants is replaced by the following:

(1)    to **bodily injury** or **property damage** arising out of the actual, alleged or threatened discharge, dispersal, release or escape of pollutants:

    (a)    at or from premises owned, rented or occupied by the named insured;

    (b)    at or from any site or location used by or for the named insured or others for the handling, storage, disposal, processing or treatment of waste;

    (c)    at or from any site or location on which the named insured or any contractors or subcontractors working directly or indirectly on behalf of the named insured are performing operations:

        (i)    if the pollutants are brought on or to the site or location in connection with such operations; or

        (ii)    if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize the pollutants.

(2)    to any loss, cost or expense arising out of any governmental direction or request that the named insured test for, monitor, clean up, remove, contain, treat, detoxify or neutralize pollutants.

Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned, or reclaimed.

Subparagraphs (a) and (d) (i) of paragraph (1) of this exclusion do not apply to **bodily injury** or **property damage** caused by heat, smoke or fumes from a hostile

6 | P a g e

fire. AS used in this exclusion, a hostile fire means one which becomes uncontrollable or breaks out from where it was intended to be.

...

The policy contains the following endorsement:

BROAD FORM COMPREHENSIVE GENERAL LIABILITY ENDORSEMENT

...

II.    PERSONAL INJURY AND ADVERTISING INJURY LIABILITY COVERAGE

(A)    The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of personal injury or advertising injury to which this insurance applies, sustained by any person or organization and arising out of the conduct of the named insured's business, within the policy territory, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such injury, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

...

(C)    Limits of Liability

Regardless of the number of (1) insureds hereunder, (2) persons or organizations who sustain injury or damage, or (3) claims made or suits brought on account of personal injury or advertising injury the total limit of the company's liability under this coverage for all damages shall not exceed the limit of liability stated in the endorsement as "aggregate".

(D)    Additional Definitions

"Personal Injury" means injury arising out of one or more of the following offenses committed during the policy period:

...

2.    wrongful entry or eviction or other invasion of the right of private occupancy;

...

As it contains other provisions as well, we suggest that you read the policy in its entirety.

APPLICATION OF POLICY

7 | P a g e

The complaint includes an allegation that the insured released various chemicals in the course of its business operations. The policy provides no coverage to the extent that the claim against the insured falls within the scope of the Pollution Exclusion and does not also fall within the exception contained in that exclusion.

The complaint includes a claim for relief in the form of medical monitoring. The policy provides no coverage for such a claim to the extent that it does not allege harm constituting "bodily injury" as that term is defined by the policy.

Please be advised that, subject to the foregoing, Wausau will participate in the defense of Saint-Gobain in this lawsuit, subject to a reservation of rights, by paying its proportionate share of reasonable and necessary defense costs in conjunction with any other insurers and, to the extent permitted by law, Saint-Gobain itself, incurred on or after November 1, 2016, the date on which Saint-Gobain provided notice of this lawsuit to Wausau.

Please be further advised that Wausau's participation in the defense of Saint-Gobain in this lawsuit is subject to a reservation of its right to deny coverage (including any obligation to indemnify Saint-Gobain for any settlement or judgment paid or incurred by it as a result of this lawsuit), as well as Wausau's right to contest the existence of coverage in a declaratory judgment action. Among other things, Wausau reserves the right to withdraw from participation in the defense of Saint-Gobain in the event it is determined that Wausau has no obligation to defend [short-form insured name] in this lawsuit.

To the extent permitted by law, Wausau also reserves the right to obtain reimbursement of defense costs in the event that it is determined that it had no obligation to participate in the defense of Saint-Gobain in this lawsuit, and/or as to any and all claims against Saint-Gobain that are not potentially covered under the Wausau policy.

If Saint-Gobain has not done so already, we also request that it immediately provide notice of this lawsuit to every insurer whose coverage is potentially implicated. With respect to each such insurer, please provide us with its name, the name, address and telephone number of a contact person, and the policy periods and limits of liability of all policies it issued. We also request that you provide us with copies of your letters notifying each such insurer of this lawsuit, and of any and all written responses.

While Wausau's position is subject to a reservation of its rights under all policy provisions (including conditions and exclusions) as well as applicable law, your attention is specifically drawn to the following which, in addition to the policy provisions discussed above, may operate to limit and/or bar coverage for claims asserted against Saint-Gobain in this lawsuit:

- To the extent that the relief sought by the plaintiff(s) is equitable in nature or otherwise does not constitute "damages" within the meaning of the Wausau policy, there is no coverage thereunder;

- There is no coverage under the Wausau policy for costs incurred solely to comply with statutes and regulations governing the insured's business operations;

8 | Page

- To the extent that the harm alleged by the plaintiffs does not constitute "bodily injury," "personal injury" and/or "property damage" as those terms are defined in the Wausau policy, there is no coverage thereunder;

- There is no coverage under the Wausau policy for bodily injury, personal injury and/or property damage which was not caused by an "occurrence" as that term is defined therein and/or "accident" within the meaning thereof;

- There is no coverage under the Wausau policy for bodily injury, personal injury and/or property damage which did not occur during the policy period thereof as required by such policy;

- There is no coverage under the Wausau policy for bodily injury, personal injury and/or property damage which was expected or intended from the standpoint of the insured within the meaning of such policy;

- There is no coverage under the Wausau policy for costs and expenses or other obligations assumed by any insured without notice to and the consent of Wausau;

- There is no coverage under the Wausau policy for losses which were known or should have been known to an insured prior to any policy period thereof;

- To the extent precluded by the terms of the Wausau policy and/or public policy, there is no coverage for any punitive, exemplary or like damages that may be assessed against any insured; and

- To the extent that coverage might otherwise exist, Wausau's obligations under its policy are limited by the "other insurance" condition, any deductible, any per occurrence, per person, or aggregate limits of liability therein, and any policy provisions precluding the stacking or accumulation of the limits of liability of multiple policies.

While we have sought to identify and address above all relevant insurance coverage considerations, the foregoing specificity is not intended and should not be construed as a waiver of any right or basis which Wausau may have to disclaim coverage, and Wausau reserves all rights in this regard.

If you have any additional information you would like us to consider concerning this lawsuit, please forward it to us. Should you have any questions or comments concerning this letter, please feel free to contact me at 603-970-7025 or twhite@resolutemgmt.com.

Sincerely,

**Tracey H.
White**

Digitally signed by Tracey H. White
DN: cn=Tracey H. White, o=Resolute
Management Inc., ou,
email=twhite@resolutemgmt.com,
c=US
Date: 2016.12.06 15:50:16 -05'00'

Tracey H. White
Account Manager